In the Matter of the Arbitration between EAST INDIA TRADING Co. INC., Appellant, and DADA HAJI EBRAHIM HALARI, Respondent.

First Department, July 1, 1952.

*Martin H. Selman* of counsel (*Kreutzer, Heller & Selman,* attorneys), for appellant.

*Edward J. Speno* of counsel (*Frank R. Rinaldi* with him on the brief; *Donovan Leisure Newton Lumbard & Irvine,* attorneys), for respondent.

PECK, P. J. The questions presented on this appeal are (1) whether the successful party in an arbitration proceeding is entitled to interest on the award for the period from the date thereof to the entry of judgment and (2) whether a provision in the arbitration rules of a trade association, under which the arbitration is held, providing that whenever it shall be decided

that a party has failed to fulfill the terms of a contract and is in default, the defaulting party shall pay a " penalty," as determined by the arbitrators, of not less than 2% and not more than 10% of the market value established as of the date of the default, is enforcible. In this case a 2% " penalty " of $436.80 was included in the arbitrators' award.

The learned court at Special Term disallowed both the item of interest and the penalty.

We are unanimous in holding that the item of interest should have been allowed (Civ. Prac. Act, §§ 1464, 480). The majority of the court thinks that the " penalty " should also have been allowed.

The decision of the " penalty " issue should not be made on the basis of nomenclature. The true nature and justification of the " penalty " assessment, rather than the verbal characterization of it, should be regarded. If there is any rational and proper basis for the provision it should be recognized, for so long as public policy is not offended the contract of the parties and the award of the arbitrators are entitled to respect. We think that the " penalty " provision is justified and inoffensive.

Judicial notice can be taken of the expense of litigation and the inadequacy of ordinary costs. While we have not adopted a policy of awarding compensatory costs in our court system, there is no reason why in the private forums of trade arbitration a reasonable system of compensatory costs or something of that nature should not be established and recognized. Furthermore, the difference between the contract price and market price may not reflect the full measure of damage and giving the arbitrators some latitude to add to that amount is fair. The limited additional authority and discretion given to the arbitrators, which presumably will be exercised conformally to the merits of a case, does not appear to have any improper purpose and at least is defensible. We think that it was within the province of the trade association to incorporate this provision in its arbitration system and that it was within the province of the parties voluntarily to adopt it.

The order appealed from should be modified to allow the items in question and, as so modified, affirmed, with $20 costs and disbursements to appellant.

COHN, J. (dissenting in part): The law is settled that stipulated damages or penalties which are disproportionate to the loss sustained or greater than the damages which may be esti-

mated with reasonable certainty are regarded as illegal and unenforcible (1 Sedgwick on Damages [9th ed.], § 407; *Seidlitz* v. *Auerbach,* 230 N. Y. 167).

The written contract between the parties specifically provided that all questions and controversies and all claims arising under the contract shall be submitted to and settled by arbitration under the rules of the American Spice Trade Association, which rules were printed on the reverse side of the written contract. Rule 12 of these rules contains the arbitration provision involved in this appeal. So far as pertinent it reads: " 12. Default: — Whenever it shall be admitted by the Buyer or the Seller, or decided by arbitration that either party has failed to fulfill the terms of the contract, and is therefore in default, the contract shall be settled as follows: Arbitrators shall determine the difference between the contract price and the market value on the day of default, such difference to be payable to the Seller or to the Buyer, as the case may be, within 10 days from the date of the Arbitration Award. The defaulting party *shall pay a penalty,* as determined by arbitration, *of not less than 2% and not more than 10% of the market value* established as of the date of the default." (Emphasis supplied.)

The contract was for the sale of pepper. A default occurred during a rising market when the goods were available. The measure of damages in such a situation in a court of law is the difference between the contract price and the market price on the date of default. (Personal Property Law, § 148.)

Under rule 12 embodied in the contract it is provided that in addition to damages awarded on the basis of the actual loss sustained as represented by the difference between the contract price and the market value on the day of default, " The defaulting party *shall pay* a penalty, as determined by arbitration, of not less than 2% and not more than 10% of the market value established as of the date of the default." In compliance with this command, which directed the fixation of a penalty within the limits stated, the arbitrators selected 2% of the market value, which amounted to $436.80 and added this sum to the amount arrived at by ascertaining the difference between the contract price of the pepper and the market value on the day of default.

The penalty provision in the rules as enforced by the arbitrators in this case was clearly illegal. While the use of the term " penalty " is not conclusive as to its character, the payment required by the rules was in excess of actual damage, and

without reasonable relation to any possible damage which might follow a breach; the intention of the parties was to impose a forfeit or monetary punishment upon the violator in addition to the actual damages and is therefore a penalty, in fact as well as in name. Provisions for a penalty are invalid in any contract. (3 Williston on Contracts [Rev. ed.], §§ 776, 777.) Even though they be denominated as liquidated damages, penalties may not be enforced. (*Kothe* v. *R. C. Taylor Trust,* 280 U. S. 224, 226; *Wirth & Hamid Fair Booking* v. *Wirth,* 265 N. Y. 214, 223; *Weinstein & Sons* v. *City of New York,* 264 App. Div. 398 [1st Dept.], affd. 289 N. Y. 741.)

A payment pursuant to an *in terrorem* term of a contract can have no more legal effect in arbitration proceedings than it would have in a court of law. Extrajudicial tribunals, such as boards of arbitration, have no power to disregard the settled public policy of our State. Boards of arbitration may not give legal effect to void or illegal obligations. (*Matter of Western Union Tel. Co.* [*Amer. Communications Assn.*], 299 N. Y. 177, 185; 6 C. J. S., Arbitration and Award, § 12; Sturges on Commercial Arbitrations and Awards § 61; *Matter of Gale* [*Hilts*], 176 Misc. 277, revd. on other grounds 262 App. Div. 834; *Matter of Metro Plan* [*Miscione*], 257 App. Div. 652.) The effect here is to nullify the arrangement for the penalty payment specified without affecting the validity of the contract as a whole. The Special Term was right in striking down this penalty provision as illegal and in modifying the award to that extent. I am in accord, however, with the view of the majority that the Special Term should have awarded interest from the date of the award to the date of the entry of judgment.

The order should, accordingly, be modified by the inclusion of interest from the date of the award to the date of the entry of judgment, and otherwise affirmed.

DORE and CALLAHAN, JJ., concur with PECK, P. J.; COHN, J., dissents in part in opinion.

Order modified so as to allow the items in question and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.