THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BETTY STOVER, Appellant.— The court is concerned in that certain areas of possible testimony were not explored. In the interests of justice, the judgment is unanimously reversed and a new trial ordered. Consequently, on the retrial, testimony as to what occurred in the manager's office when defendant was first seen by the witness Keany and the testimony of the salesman in the luggage department would be helpful in reaching a proper determination. Also, the testimony concerning the three shopping bags which was first admitted and later stricken should have been permitted to remain in the record — not as evidence of the commission of a crime but of defendant's course of conduct and activities while in the store. Concur — Breitel, J. P., Bastow, Botein, Rabin and Cox, JJ.

HOWARD STORES CORPORATION et al., Respondents, v. CLARENCE POPE, Doing Business as COLONIAL SERVICE FLOOR SCRAPING AND WAXING COMPANY, et al., Defendants, and PROSPECT FLOOR SUPPLY CO., INC., Appellant.— In order to state a cause of action plaintiffs would have to allege that Pope, because of ignorance on his part of the inflammable nature of the material, was induced to forego precautions that he would have taken had the cans been properly labeled. The present complaint lacks a definite allegation to that effect. Although the court has twice pointed out the defect, it is still present in this, the third complaint. Accordingly, the second amended complaint is dismissed without leave to replead. Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted, and judgment is directed to be entered in favor of the appellant dismissing the complaint herein, with costs. Concur — Breitel, J. P., Bastow, Botein, Rabin and Cox, JJ.

In the Matter of the Arbitration between PENCO FABRICS, INC., Respondent, and LOUIS BOGOPULSKY, INC., Appellant.— Order and judgment unanimously modified so as to provide that interest shall be added to the award only from December 11, 1954, and, as so modified, affirmed, without costs. The question whether interest was to be allowed on the award from the date when payment of the invoices was found to be due was for the arbitrators to determine. In absence of such an allowance by the arbitrators, the court, on respondent's motion to confirm the award, was powerless to award interest from the date of breach. The mere fact that the award was silent on the question did not mean that the arbitrators did not consider the question and did not operate to enable the court to allow such interest. Provisions of law applicable to judicial actions and proceedings do not necessarily apply to arbitrations. Parties who submit their controversies to arbitration forego those provisions and leave all questions of law and fact to the arbitrators. The right to interest involves questions of fact and law that are within the purview of the arbitrators. Further, although a successful party generally is entitled to interest from the date of the award (*Matter of East India Trading Co.* [*Halari*], 280 App. Div. 420, affd. 305 N. Y. 866), here the award required appellant to pay within ten days after the date thereof. Accordingly, interest should run only from the expiration of that period. Settle order on notice. Concur — Breitel, J. P., Bastow, Botein, Rabin and Cox, JJ.

LORRAINE W. J. PARKER, Respondent, v. SYLVIA G. HOEFER, Appellant. — Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Cohn, Botein, Rabin and Cox, JJ.