In the Matter of the Arbitration between DANIEL KAVARES, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

In the Matter of the Arbitration between JAMES McENTEE, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

First Department, December 21, 1967.

*Sidney Gaines* of counsel (*Friedlander Gaines Ruttenberg & Goetz,* attorneys), for appellant in first above-entitled proceeding.

*Melvin W. Knyper* for Daniel Kavares, respondent.

*Patrick J. Hughes* of counsel (*Watters & Donovan,* attorneys), for appellant in second above-entitled proceeding.

*John Walcer* for James McEntee, respondent.

STEVENS, J. In *Matter of Kavares (MVAIC)*, Motor Vehicle Accident Indemnification Corporation (MVAIC) appeals from an order and judgment (one paper) entered June 26, 1967, and specifically to the extent that such judgment awarded interest on an arbitrator's award. The award was in the amount of $3,000 plus the costs of the tribunal, amounting to $50, making a total of $3,050. A motion was made to confirm the award and for entry of judgment thereon "and for such other and further relief" as to the court seemed proper. MVAIC did not oppose entry of judgment in the amount of $3,050 (see CPLR 7513) but did oppose other relief, that is, the award of interest and costs. In its decision the court granted the motion to confirm the award and for entry of judgment "with costs and interest." However, the judgment as entered only provided for interest on the award. The dispositive consideration of this court is limited, necessarily, to the item of interest to which objection is taken. A decision is not an appealable paper (CPLR 5512; see, also, CPLR 5501, subd. [a], par. 5; subd. [c]).

In the companion appeal, No. 12414N, herein referred to as *Matter of McEntee (MVAIC)*, MVAIC appeals from so much of the order and judgment entered May 9, 1966, as adjudged that petitioner recover interest and costs upon confirmation of the award. The award was $10,000 plus costs of the tribunal. Confirmation in that amount was not opposed.

Because common questions of law are involved in these appeals we have elected to discuss them together, indicating separately, however, the eventual disposition of each case.

The question common to both appeals is whether interest shall be allowed upon the awards. Appellant urges that interest is not permitted by the arbitration agreement, by case law or by the CPLR. Certainly interest is not excluded by the agreement. Under section 480 of the Civil Practice Act, when a final judgment was rendered in an action for a sum of money awarded by verdict, report or decision, interest was computed and allowed from the time the verdict was rendered or the report or decision made. Section 1464 of the Civil Practice Act provided, in part, "upon the granting of an order confirming * * * an award, judgment may be entered * * * as upon a referee's report in an action". Reading the sections together, it is clear that interest was allowed upon the confirmation of an arbitrator's award.

The first sentence of section 1464, quoted in part above, is carried over into the CPLR with respect to arbitration. CPLR 7514 (subd. [a]) states: "a judgment shall be entered upon the confirmation of an award." Section 480 of the Civil Practice Act in the portion above quoted, has been carried over into CPLR 5002. CPLR 5002 provides: "interest shall be recovered upon the total sum awarded, including interest to verdict, *report* or decision, in any action, from the date the verdict was rendered or the *report* or decision was made to the date of entry of final judgment." (Emphasis supplied.) And though the term "action" is there used, such term includes a special proceeding (CPLR 105, subd. [b]). Section 1459 of the Civil Practice Act specifically declared arbitration to be a special proceeding. That section, in part, was brought over into the CPLR in sections 3102 (subd. [c]) and 7502 (subd. [a]). CPLR 7502 (subd. [a]) states, in part: "a special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action."

The motion made in each of these cases to confirm the award of the arbitrator was the first application arising out of the controversy and was initiated by a special proceeding which ended in a judgment (CPLR 411; see, also, CPLR 105, subd. [b]). With respect to the allowance of interest, it is noted that no change in practice under section 480 of the Civil Practice Act was contemplated by CPLR 5002 (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5002.02). "Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand for it in the complaint" (par.

5002.02). '' Interest accumulates from the date the verdict was rendered or the report or decision was made until the final judgment is entered in accordance with CPLR 5016 '' (par. 5002.03).

The award of an arbitrator which determines the amount of compensation, rendered pursuant to the provisions of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, § 600 *et seq.*), is not merely advisory but binding upon the parties and, absent fraud or statutory wrongdoing, must be confirmed by the court if application is made by a party thereto within one year after delivery (CPLR 7510; *Matter of Wilkins*, 169 N. Y. 494). The awards here were final and definite. As such the award may properly qualify as a decision or report within the meaning of the statute. Apparently interest is considered an element of compensation for delayed payment (see *Matter of Durant (MVAIC)*, 15 N Y 2d 408; *Matter of East India Trading Co. (Halari)*, 280 App. Div. 420, affd. without opn. 305 N. Y. 866; cf. *Matter of Penco Fabrics*, 1 A D 2d 659). It is concluded that interest was properly allowed in each of the appeals.

Remaining for disposition is the question whether costs should be awarded in the appeals before the court.

In *Matter of Kavares (MVAIC)*, it is noted that while the decision awarded costs, the item of costs was not included in the judgment appealed from. However, the award was only $3,000 plus $50, costs of the tribunal. Had costs been included in the judgment such item would necessarily have been disallowed on appeal. Subdivision (b) of section 206 of the New York City Civil Court Act confers jurisdiction to confirm such an award upon the New York City Civil Court. '' A plaintiff [which includes a petitioner, CPLR 105, subd. (b)] is not entitled to costs * * * in an action brought in the supreme court in a county within the city of New York which could have been brought, except for the amount claimed, in the civil court of the city of New York, unless he shall recover six thousand dollars or more '' (CPLR 8102, subd. 1).

In *Matter of McEntee (MVAIC)*, the award was $10,000 plus $50 costs of arbitration, so CPLR 8102 (subd. 1) is not applicable. In a special proceeding if no triable issues of fact are raised the court is empowered to make a summary determination (CPLR 409, subd. [b]), and no such issues were raised here. CPLR 8201 declares costs in an action before a note of issue is filed shall be $25. CPLR 8202 limits the amount of costs on a motion to an amount not exceeding $20. Application to confirm an award is made by motion (CPLR 7510). The practice under CPLR 7510 '' is substantially the same as it was under

sections 1461 and 1463 of the Civil Practice Act '' (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.01).

CPLR 8101 provides that the '' party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.'' Motion costs are entirely within the discretion of the court (CPLR 8106).

In *Matter of McEntee* appellant did not oppose the confirmation of the award or move to vacate or modify (cf. CPLR 2215; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.04) and costs should not have been awarded. The motion was necessary to finalize the award (*Matter of Mossman,* 19 A D 2d 842). Although the court was vested with the power to award costs as in a special proceeding, we conclude that, under the facts of this case, and with consideration of the objectives of the law (Insurance Law, § 600 *et seq.*) it was inequitable and an improvident exercise of discretion to allow costs.

Accordingly, *Matter of Kavares (MVAIC)* should be affirmed without costs, it being noted that only the question of interest was properly before the court on appeal.

*Matter of McEntee (MVAIC)* should be modified on the facts, the law and in the exercise of discretion to eliminate the allowance of costs, and should be otherwise affirmed, without costs to either party.

BOTEIN, P. J., EAGER, McGIVERN and WITMER, JJ., concur.

In *Matter of McEntee (MVAIC)* order and judgment (one paper) unanimously modified, on the facts, the law and in the exercise of discretion, to eliminate the allowance of costs, and is otherwise affirmed, without costs or disbursements to either party.

In *Matter of Kavares (MVAIC)* order and judgment (one paper) unanimously affirmed, without costs or disbursements.