Steven B. Derounian, J.
Motion by petitioner for an order granting judgment pursuant to CPLR 7510 confirming the award of the arbitrator and directing that judgment be entered thereon, together with interest from the date of death of the decedent and the costs of this proceeding, is granted.
In its opposition papers, the respondent directs the court’s attention to the proscription against the granting of costs and cites Matter of Kavares (MVAIC) (29 AD2d 68), in support of its opposition. The court has carefully read that case and finds it is totally inapplicable to the fact pattern herein. The court further finds from the affidavits submitted by the moving party, which are not contradicted, that the unreasonable delay in the resolution of this proceeding was brought about by the respondent without any basis in fact or supporting evidence. This appears to be a classic illustration of where insurance carriers make pro forma applications to stay the inevitable simply to put off as long as possible the disbursement of any funds from its reserve funds. The court would refer the *846 respondent to section 40-d of the Insurance Law in this State, which is captioned, "Unfair claim settlement practices by-insurers; penalties.” That statute imposes upon insurance carriers doing business in this State the obligation to make fair and prompt settlement of claims without undue delay. The court might also note that a careful reading of that statute discloses that while the title of the section is somewhat imposing, for reasons unknown to this court, the effectiveness of the statute itself is diluted to the extent that it is all but impossible for anyone "wronged” by the tactics of a carrier to take any effective steps to seek redress.
A review of the submissions on this motion makes it abundantly clear that the respondent, without any good reason, has simply chosen to delay payment for more than a year and has reaped all of the rewards from its recalcitrance, and now seeks to further dilute the effectiveness of the petitioner’s success by objecting to the payment of costs. This court will not allow that obvious inequity to take place.