OPINION OF THE COURT
 

 Gabrielli, J.
 

 The issue presented is whether an arbitrator’s award is punitive, and hence unenforceable, when the compensatory damages awarded are deemed to be somewhat speculative. Because we conclude that the award is not punitive in nature, we reverse and direct that the arbitrator’s award be confirmed in its entirety.
 

 The present controversy ensued following the filing of a grievance by the Niagara-Wheatfield Teachers Association on behalf of a member, George Brown, alleging that the district violated the collective bargaining agreement when it hired a guidance counselor from outside the district rather than awarding the position to Mr. Brown. Specifically it was alleged that the district had breached a covenant against discrimination on the basis of sex when it announced that female applicants were preferred for the position. It was also alleged that Brown had been deprived of a professional advantage without just cause, that the district had failed to follow the contractually required posting procedures, and that the district had refused to give the position to the most senior of the equally qualified applicants, all in violation of the collective bargaining agreement.
 

 In due course, the matter proceeded to arbitration, and the arbitrator found that the district had in fact breached its agreement with the association. He found that the solicitation of applicants was discriminatory, that the posting procedures mandated by the agreement had not been followed, and that the grievant’s seniority rights may have been neither clearly understood nor properly evaluated by the district.
 

 
 *557
 
 In his decision the arbitrator candidly stated "there is a chance that [Mr. Brown] might not have received the appointment, even. if his contractual rights had been safeguarded although his presumptive right thereto may have been shown. Nonetheless, I do believe that these rights were flagrantly disregarded and that he suffered compensable damages thereby”. The arbitrator then fixed the amount of damages at $1,500, without further .specifically detailing the manner or mode of fixing that amount.
 

 The district moved under CPLR 7511 to vacate the award, alleging that the arbitrator exceeded his powers under the collective bargaining agreement. Special Term agreed, and vacated the award to the extent only that it granted monetary damages. All other provisions of the award, including the arbitrator’s findings that the district had breached the agreement, were confirmed. The Appellate Division affirmed on the opinion of Special Term, adding only that the award of monetary damages was punitive and was subject to vacatur under the rule laid down in
 
 Garrity v Lyle Stuart, Inc.
 
 (40 NY2d 354). We reverse.
 

 Merely because an arbitrator’s award is not arrived at by precise mathematical computations does not make it punitive. Indeed, much of the laudatory value of arbitration lies in the arbitrator’s power to construct a remedy best suited to the situation without regard to the restrictions on traditional relief in a court of law
 
 (Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578). Merely because the computation of damages may be so speculative as to be unsupportable if awarded by a court does not make the award infirm, for, as we have firmly stated, arbitrators are not bound by rules of substantive law or, indeed, rules of evidence
 
 (Matter of Associated Teachers of Huntington v Board of Educ.,
 
 33 NY2d 229).
 

 Here, the arbitrator found that Brown had been discriminated against when the district failed properly to consider his application for a guidance counselor position. Admittedly, there was no certainty or assurance that Brown would have been given the position even if his application had been properly processed. The arbitrator’s pragmatic solution was to select a sum that he thought properly reflected the damages suffered by Brown.
 
 *
 

 
 *558
 
 As in many cases, the award was an attempt to arrive at a just solution, despite the association’s inability to prove the damages precisely. Assuming,
 
 arguendo,
 
 that the arbitrator exceeded the power (or lack thereof) which law courts would have had if the parties had chosen to litigate, this nevertheless is not a ground for vacatur. Having chosen arbitration as their forum, the parties must recognize that an award may differ from that expected in a court of law without being subject to attack for that reason alone
 
 (Rochester City School Dist. v Rochester Teachers Assn.,
 
 41 NY2d 578, 582,
 
 supra).
 

 The present case is readily distinguishable from the situation in
 
 Garrity v Lyle Stuart, Inc.
 
 (40 NY2d 354,
 
 supra),
 
 which was relied on by the Appellate Division. In that case there was no problem computing compensatory damages, but in addition the arbitrator awarded punitive damages which were expressly labeled as such. We held on the facts in that case, that punitive damages may only be awarded by the State’s courts. That holding should not be interpreted as an indication that whenever compensatory damages are somewhat speculative they are necessarily punitive (cf.
 
 Matter of North Colonie Cent. School Dist. [North Colonie Teachers’ Assn.],
 
 60 AD2d 496, affd 46 NY2d 965). Ritualistic incantations of "punitive damages” will not suffice to vacate an arbitration award where discretion is used in the computation of damages. Only where the damages are genuinely intended to be punitive should the courts vacate the award. In all other cases "it is the declared policy of this State to encourage 'public employers and * * * employee organizations to agree upon procedures for resolving disputes’ ”
 
 (Board of Educ.
 
 v
 
 Associated Teachers of Huntington,
 
 30 NY2d 122, 131), and we should enforce the awards rendered by using those procedures where strong public policy is not violated.
 

 On this appeal the Teachers Association also urges that it is entitled to interest on the monetary damages from the date of the arbitrator’s award. This was clearly the rule under the Civil Practice Act
 
 (Matter of Durant [MVAIC],
 
 15 NY2d 408, mot for rearg den 16 NY2d 716), and it was not changed by the adoption of the CPLR
 
 (Matter of McEntee [MVAIC],
 
 29 AD2d 68, affd 28 NY2d 939). Hence, upon confirmation of an arbitrator’s award, interest should be provided from the date of the award.
 

 
 *559
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, and the arbitrator’s award of damages reinstated and confirmed.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Gabrielli.
 

 Order reversed, etc.
 

 *
 

 In fact the association has suggested that the award was an attempt to compensate Brown for one half the pay differential between the salary at his teaching
 
 *558
 
 position and that as guidance counselor, a difference of $3,800. This, of course, adds support to our holding that the damages are compensatory and not punitive.