■ BUFFALO POLICE BENEVOLENT ASSOCIATION, Respondent, v CITY OF BUFFALO, Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term properly confirmed the determination of the arbitrator. We reject the city's contention that the award of an additional personal leave day to each of the two grievants, police officers, constitutes impermissible punitive damages (see *Garrity v Lyle Stuart, Inc.*, 40 NY2d 354). The arbitrator had broad power to fashion a remedy for the city's violation of grievants' contractual rights in wrongfully depriving them of their right to choose the particular days on which to use their personal leave time. On this record we find that the award was not "genuinely intended to be punitive" (*Board of Educ. v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558) but rather, although not based upon precise mathematical computations, was intended to compensate grievants for their loss (see *Board of Educ. v Niagara-Wheatfield Teachers Assn.*, supra, p 557). (Appeal from order of Supreme Court, Erie County, Wolf, J. — confirm arbitrator's award.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.

■ ALLAN WADDELL, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, Respondent. — Determination unanimously annulled, with costs, and matter remitted to respondent board for further proceedings, in accordance with the following memorandum: Petitioner seeks review of the determination of the New York State Racing and Wagering Board (Board) revoking his license on the grounds that he conspired to prevent his horse from winning in the eighth race at Buffalo Raceway on January 5, 1982 and that he did in fact prevent his horse from winning that race. The only evidence against petitioner was the testimony of Twomey, an investigator for the Board, who testified solely on the basis of his interview with petitioner. After testifying that petitioner told him that the horse's owner had asked him not to bring in the horse first, second or third, Twomey offered only a conclusory statement that petitioner did so agree. Petitioner, on the other hand, testified in his own behalf and stated that he did not so agree, that he used his best efforts to bring the horse in but that the horse was lame and was able only to finish eighth. No one who saw or participated in the race was called as a witness, nor was a film of the race introduced into evidence although it was available. More importantly, Cocozziello, the attorney prosecuting at the hearing was also in charge of the investigation, participated with Twomey in questioning Waddell and made a memorandum of that interview. Petitioner's counsel unsuccessfully sought to have that memorandum produced for cross-examination. The significance of that memorandum to meaningful cross-examination of Twomey is apparent since his conclusory statement was the only evidence of misconduct by petitioner and thus its credibility and reliability were critical to a proper determination. Under the unique circumstances of this case, we believe that denial of access to that memorandum deprived petitioner of a fair hearing, particularly since it was a license revocation hearing which, "like a criminal proceeding, is brought to penalize for the commission of an offense against the law [citations omitted]" (*Garabedian v New York State Liq. Auth.*, 33 AD2d 980, 981, mot for lv to app den 26 NY2d 614; see, also, *Matter of Inner Circle Rest. v New York State Liq. Auth.*, 30 NY2d 541; *Matter of Fenimore Circle Corp. v State Liq. Auth.*, 27 NY2d 716). There should be a new hearing at which the notes or memorandum should be produced prior to cross-examination. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Joslin, J.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and O'Donnell, JJ.