JAMES M. MERRINS, as Superintendent of Schools of the Honeoye Central School District, et al., Appellants-Respondents, v HONEOYE TEACHERS ASSOCIATION, Respondent-Appellant.

Fourth Department, March 1, 1985

### APPEARANCES OF COUNSEL

*Stanton & Vander Byl, P. C.* (*Wayne A. Vander Byl* of counsel), for appellants-respondents.

*Bernard F. Ashe* (*Emanuel Tabachnick* and *Rocco A. Solimando* of counsel), for respondent-appellant.

### OPINION OF THE COURT

GREEN, J.

Petitioners, the Superintendent and Board of Education of the Honeoye Central School District (hereinafter District), appeal from that part of an order confirming a modified arbitration award which granted monetary damages to the respondent Honeoye Teachers Association (hereinafter Association). The Association cross-appeals from that part of the same order which awarded a lesser amount of damages than had been awarded previously in the original arbitration award.

The facts are not in dispute. The Association filed a grievance charging that the teaching workload of the District's athletic

director was less than that mandated by the collective bargaining agreement.* The District denied the grievance, but the arbitrator upheld it reasoning that although "no identifiable teacher suffered a loss due to the District's violation * * * all suffered through unequal treatment". The arbitrator directed the District to pay the Association the equivalent of ⅔ of the athletic director's salary for one and a half years (Sept. 1980 to Jan. 1982), the period during which the grievance was being resolved.

The District petitioned the Supreme Court to vacate the award claiming that there was no basis for a monetary award, that the arbitrator based the award upon the delay (Jan. 22, 1981 to June 8, 1981) caused by the District's request for a stay, and that the award represented punitive damages or an unconstitutional gift of public funds. Special Term held that the arbitrator had the power to make a compensatory award to the Association, but remanded the matter to the arbitrator "for a determination by him of the award of damages without regard to the delay caused by the Petitioners' application for a stay". The award was confirmed in all other respects.

On remand, the arbitrator, "with some reluctance", modified his original award to eliminate the period involved in the District's unsuccessful application for the stay. Special Term confirmed the modified award and directed that judgment be entered thereon.

The District's claim that the award exceeded the arbitrator's power is unpersuasive. An arbitrator has very broad powers to fashion a remedy and "do justice as he sees it" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). In the arbitration clause of the collective bargaining agreement, there is no limitation upon the arbitrator's remedial powers and the District makes no claim to the contrary. Rather, the District argues the arbitrator's finding that "no identifiable teacher suffered a loss" precludes him from awarding damages. This contention ignores the arbitrator's finding that "all [teachers] suffered through unequal treatment." Since all the teachers carried more of a teaching load than the athletic director but were paid under the same compensation scheme, they were not being paid for

* Article I, § 16 of the agreement provided in part that "Each full-time teacher shall be assigned not less than five (5) classes plus one (1) administrative assignment or the equivalent thereof." The athletic director's workload for the period in question consisted of four classes and two administrative assignments, the latter to be used for athletic director work rather than traditional jobs such as supervision of study halls, corridors, detention, etc.

that portion of their workload which exceeded that of the athletic director. The arbitrator sought to remedy this inequity by awarding a sum that represented the percentage by which the athletic director's workload was reduced. This remedy for the deprivation of a contractual right to equal treatment is clearly within the very broad powers of the arbitrator to make a just and pragmatic award (*see, Board of Educ. v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 557-558; *Matter of North Colonie Cent. School Dist. [North Colonie Teachers' Assn.]*, 60 AD2d 496, *affd* 46 NY2d 965; *Buffalo Police Benevolent Assn. v City of Buffalo*, 97 AD2d 955).

The District next contends that even if the teachers did suffer a loss, the Association is not entitled to receive the award since the teachers, not the Association, are the beneficiaries of the collective bargaining agreement upon which the award was based. To the extent this argument charges the arbitrator with some error of contract law, it is insufficient to vacate the award (*see, Matter of Silverman [Benmor Coats], supra; Matter of Associated Teachers of Huntington v Board of Educ.*, 33 NY2d 229, 235). In any event, once the arbitrator determined all teachers suffered a loss, the award had to be payable to someone. The arbitrator's conclusion that it was more practical to award damages to the Association than to determine a specific award for each teacher according to some sophisticated mathematic formula was not totally irrational. A teachers association has an independent interest in enforcing the contract to which it is a party and to act in furtherance of all its members (*see, Matter of South Colonie Cent. School Dist. v Longo*, 43 NY2d 136; *Matter of Associated Teachers of Huntington v Board of Educ., supra; Board of Educ. v Chautauqua Cent. School Teachers Assn.*, 41 AD2d 47).

The District's related claim that the award should not be paid to the Association because it is unclear how the award should be distributed is beside the point. The distribution of the award is entirely a private matter which should not be the concern of the District but rather of the teachers, who may seek redress for a violation of the Association's duty of fair representation (*see, Hines v Anchor Motor Frgt.*, 424 US 554).

The District's position seems to be that although the Association has a right to enforce the contract, it is not entitled to a remedy, at least not a monetary one. The District submits that the only proper remedy for the Association is to rectify the favorable treatment of the athletic director through negotiations pursuant to the collective bargaining agreement. It is

evident, however, that negotiations may prove uneventful and the breach may go without remedy. "To avoid such a patently unjust result * * * absent an express agreement to that effect, the right to negotiate cannot constitute the sole remedy available to the grievant" (*Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.*, 95 AD2d 497, 501, *affd* 61 NY2d 913).

The District's claims that the award was punitive and was an unconstitutional gift are belied by the record. The arbitrator's reference to "an equitable, yet practical award" and to the fact that "the teachers were clearly entitled to some redress other than the simple declaration that the District violated the agreement" indicate that the award was not genuinely intended to be punitive (*cf. Garrity v Lyle Stuart, Inc.*, 40 NY2d 354), or gratuitous (*cf. Matter of Antonopoulou v Beame*, 32 NY2d 126).

Moreover, the arbitrator did not intend to penalize the District by making an award covering the period in which the District made an unsuccessful attempt to obtain a stay. A review of the record reveals that the arbitrator would have granted damages regardless of any delay. As the arbitrator commented in his modified award, "[h]ad payment directly to the teachers been practical, such compensation would have covered the entire period during which the inequitable treatment continued." Thus, the genuine intent of the arbitrator was to compensate the Association for a violation of the collective bargaining agreement. The Association is entitled to be made whole for losses suffered as a consequence of a contractual violation for the period between the time of the violation and the time the grievance was finally resolved (*see,* 5 NY Jur 2d, Arbitration and Award, § 105, at 247-48).

The unequal treatment of the teachers upon which the original award was based was a continuous violation of the collective bargaining agreement from the start of the school year in September 1980 through January 1982, irrespective of the time involved in the District's application for the stay. By the modification, the arbitrator reduced the original award by one third. Consequently, the District received a reduction in its liability as a result of its unsuccessful attempt to obtain a stay. This was irrational and the original award should be reinstated, with interest from the date of the award (*see, Board of Educ. v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558, *supra*).

Accordingly, the order should be vacated and the original award dated October 28, 1981, reinstated and confirmed, with costs.

DILLON, P. J., DENMAN, BOOMER and O'DONNELL, JJ., concur.

Order unanimously vacated, on the law, with costs to respondent Association, and award dated October 28, 1981, reinstated and confirmed.