■ In the Matter of COUNTY OF NIAGARA, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 832, NIAGARA COUNTY WHITE COLLAR EMPLOYEES UNIT, Respondent.—Order unanimously affirmed with costs. Memorandum: We affirm for the reasons stated in the opinion at Supreme Court, Doyle, J. We agree that the arbitrator had broad power to fashion a remedy for the county's violation of grievants' contractual rights in depriving them of their rights to accumulate compensatory time off (see, Buffalo Police Benevolent Assn. v City of Buffalo, 97 AD2d 955; see also, Merrins v Honeoye Teachers Assn., 107 AD2d 184, 185). (Appeal from order of Supreme Court, Niagara County, Doyle, J.—arbitration.) Present— Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ ELI VIGLIANO, Appellant, v DEER TRAIL DRILLING PROGRAM et al., Respondents. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: We agree with Special Term that defendant's failure to comply with Partnership Law § 120-f by receiving a certificate of authority to do business in New York State was cured when, subsequent to judgment on its counterclaim, it obtained the requisite certificate (see, Broadway Bldrs. v Arnold Constr. Co., 59 So 2d 26 [Fla]; Christie v Highland Waterfront Co., 114 Fla 263, 153 So 784; Annotation, Corporations—Access to Courts, 6 ALR3d 326, § 4). We also agree that the sum of $3,500 paid by plaintiff was a voluntary additional capital contribution which properly was not credited toward the subscription price. Further, we reject plaintiff's contention that the award of attorney's fees was unreasonable.

Defendant's objection to plaintiff's bill of costs is not properly before us. "Review of a taxation under CPLR 8402 or CPLR 8403 must be sought by motion. This is the only procedure available; review cannot be sought by * * * an appeal from the judgment" (8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8404.02). (Appeal from order of Supreme Court, Monroe County, Boehm, J.—vacate judgment.) Present—Doerr, J. P., Boomer, Pine and Lawton, JJ.