■ In the Matter of YEROUSH CORPORATION, Respondent-Appellant, v ELI NHAISSI, Appellant-Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, (1) Eli Nhaissi appeals from of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered April 27, 1989, which, upon confirming the arbitration award, is in favor of Yeroush Corporation and against him in the principal sum of $141,394, and (2) Yeroush Corporation cross-appeals, as limited by its notice of appeal and brief, from so much of the judgment as failed to award it prejudgment interest on the award.

Ordered that the judgment is modified, on the law, by adding a provision thereto awarding Yeroush Corporation prejudgment statutory interest from the date of the arbitration award; as so modified, the judgment is affirmed, with costs to Yeroush Corporation, for reasons stated by Justice McCabe at the Supreme Court, and the matter is remitted to the Supreme Court, Nassau County, to determine the interest due to Yeroush Corporation in accordance herewith, and for entry of an appropriate amended judgment.

We find that the Supreme Court should have awarded prejudgment interest to Yeroush Corporation, running from the date of the award. Although the arbitration award clearly provided that it was to be without interest, the clear import of those terms merely expressed that no interest was to be awarded from the date of the appellant's breach until the date of the award. Once there was an award, however, interest began to accrue as of that date until the entry of judgment thereon *(see, Matter of Kavares [MVAIC],* 29 AD2d 68, 70-71, *affd* 28 NY2d 939; *Matter of Durant v MVAIC,* 20 AD2d 242, 249; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.],* 1 AD2d 659; *Matter of East India Trading Co. [Halari],* 280 App Div 420, *affd* 305 NY 866).

We have considered the parties' remaining contentions and find them to be without merit. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.