■ TERENCE W. MURPHY, Appellant, v RENATA C. WACK, as

Executive Director of Kirby Forensic Psychiatric Center, et al., Respondents.—Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered March 8, 1991, which denied petitioner's application to vacate an arbitration award, unanimously affirmed, without costs.

Petitioner was employed by respondent New York State Office of Mental Health. Because of a confrontation he had with a patient, deemed by respondent to be inappropriate, provocative, and countertherapeutic, respondent put him on administrative leave in March, 1989, suspended him on April 11, 1989, and thereafter terminated his employment. Petitioner appealed his dismissal pursuant to the collective bargaining agreement between his union and the State. After a hearing, the arbitrator determined that while petitioner was guilty of the charges, the penalty of termination was inappropriate and that he should be suspended for only six months. As the period of suspension had already exceeded six months, the arbitrator determined that petitioner should be reinstated with back pay and benefits from October 11, 1989, the date that marked the end of the six-month period.

Petitioner thereafter instituted this CPLR article 78 proceeding, contending that since the arbitration was compulsory, not voluntary, an article 78, not a CPLR article 75, standard of judicial review should have been applied. Petitioner also contended that he was entitled to back pay with interest for the entire period during his suspension. The IAS court dismissed the petition and confirmed the award, ruling that the standard of review was governed by article 75, that there was no showing of statutory wrongdoing by the arbitrator, that the award was not irrational, and that petitioner was not entitled to pre-award interest. We agree.

The collective bargaining agreement entered into by petitioner's union, including its provision for arbitration of challenges to disciplinary action, is binding on petitioner (*Antinore v State of New York,* 49 AD2d 6, 10-11, *affd* 40 NY2d 921). As petitioner must be deemed to have consented to the arbitration (*supra*), an article 75 standard of review applies (*compare, Caso v Coffey,* 41 NY2d 153). Therefore, the award may not be vacated unless it is violative of strong public policy, is totally irrational or clearly exceeds a limitation on the arbitrator's power (*Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907, 909). There is no such showing here. Further, because petitioner was apprised of the charges against him, given an opportunity to meet with his employer and respond to the charges before being discharged, due

process was satisfied *(see, Cleveland Bd. of Educ. v Loudermill,* 470 US 532; *see, Matter of Prue v Hunt,* 78 NY2d 364). Finally, petitioner is not entitled to pre-award interest. An arbitration award qualifies as a decision or report within the meaning of CPLR 5002, under which interest runs only from the date the report or decision was made *(see, Matter of Kavares [MVAIC],* 29 AD2d 68, 71, *affd sub nom. Matter of McEntee [MVAIC],* 28 NY2d 939). Concur—Sullivan, J. P., Carro, Rosenberger, Kupferman and Rubin, JJ.