■ In the Matter of STEVEN GLANTZ, Respondent, v NATION-WIDE MUTUAL INSURANCE COMPANY, Appellant. [641 NYS2d 136] —In a proceeding to confirm an arbitration award, the appeal is from an order of the Supreme Court, Kings County (Held, J.), dated April 5, 1995, which, in effect, denied the appellant's motion, *inter alia,* to vacate that portion of a judgment entered December 30, 1994, in favor of the petitioner and against the appellant which awarded the petitioner $945 in costs, disbursements, and fees, and to reduce the interest awarded to the petitioner in that judgment.

Ordered that the order is modified, as an exercise of discretion, by deleting the provision which, in effect, denied the branch of the appellant's motion which was to vacate the provision of the judgment entered December 30, 1994, awarding the petitioner $945 as costs, disbursements, and fees, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the appellant.

The appellant correctly asserts that the petitioner should not have been awarded costs in this proceeding to confirm an arbitration award (*see, Matter of Mossman v MVAIC,* 19 AD2d 842; *see, Rivera v Sales,* 208 AD2d 514, 515). However, the appellant is incorrect insofar as it claims that the interest awarded to the petitioner should be reduced. The petitioner is entitled to recover interest from the date of the final and definite arbitration award until the date that the petitioner entered the judgment against the appellant (*see,* CPLR 5002; *Matter of Kavares [MVAIC],* 29 AD2d 68, 72, *affd* 28 NY2d 939). Since interest is not a penalty, the amount awarded should not be reduced because of the petitioner's delay in entering the underlying judgment (*see, Love v State of New York,* 78 NY2d 540, 544-545). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.