■ In the Matter of AETNA CASUALTY AND SURETY COMPANY, Appellant, v MARK J. ROSEN, Respondent. [650 NYS2d 29] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated November 17, 1995, as awarded Mark J. Rosen pre-award interest on the arbitration award.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding Mark J. Rosen interest on the award at the rate of 9% per annum from December 12, 1994, the date of the court's prior order, to July 27, 1995, the date of payment, and substituting therefor a provision awarding Mark J. Rosen statutory interest from the date of the arbitration award to the date of payment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

We find that the Supreme Court erred in awarding interest to Mark J. Rosen from the date of its prior order denying the petitioner's motion to stay arbitration of Rosen's uninsured motorist claim, which order predated the arbitrator's award. The court was powerless to award pre-arbitration award interest *(see, Matter of Penco Fabrics v Louis Bogopulsky, Inc.,* 1 AD2d 659; *Matter of East India Trading Co. [Halari],* 280 App Div 420, *affd* 305 NY 866). Upon confirmation of an arbitrator's award, interest should be calculated from the date of the award *(see, Love v State of New York,* 78 NY2d 540; *Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 558; *Matter*

of *Yeroush Corp. v Nhaissi,* 164 AD2d 891, *affd* 78 NY2d 873; *Matter of Glantz v Nationwide Mut. Ins. Co.,* 226 AD2d 638). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.