■ In the Matter of the Arbitration between RICHARD A. ROTHERMEL, Appellant, and FIDELITY AND GUARANTEE INSURANCE UNDERWRITERS, INC., Respondent. [721 NYS2d 565] —Mercure, J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 21, 1999 in Otsego County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner sustained a fire loss at his law office and filed a proof of loss on April 29, 1994 with respondent, his insurance carrier. The parties could not come to terms as to the amount of petitioner's loss, and petitioner commenced an action to recover $138,400 in lost business income and $5,000 expended in completing an inventory of business personal property, together with interest, costs and disbursements. The parties ultimately agreed to submit the matter to arbitration and on March 3, 1998, the arbitrator awarded petitioner $44,058.88 as his business income loss. In March 1999 petitioner made this application to confirm the arbitration award and, in addition, for preaward interest of $16,061.25. Supreme Court confirmed the arbitrator's award and awarded petitioner interest from the date of the award to the date of payment, but denied his request for an award of preaward interest from June 29, 1994 to March 3, 1998. Petitioner appeals.

We affirm. Although petitioner has set forth various equitable and legal bases for awards of preaward interest, his analysis fails to take into account that the parties agreed that the arbitrator's award was to be given final and binding effect and that the award ultimately rendered was made "in full settlement of all claims submitted to this arbitration." Fundamentally, the question as to whether preaward interest is to be allowed is for the arbitrator to determine and, in the absence of such an allowance, the court is powerless to award such interest (*see, Matter of Aetna Cas. & Sur. Co. v Rosen*, 233 AD2d 499; *Matter of Home Ins. Co. [Hyman]*, 228 AD2d 389; *Matter of Gruberg [Cortell Group]*, 143 AD2d 39; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.]*, 1 AD2d 659). Moreover, even if the arbitrator committed an error of fact or of law in denying petitioner an award of interest, Supreme Court would have lacked authority to correct such an error (*see, Matter of Bay Ridge Med. Group v Health Ins. Plan*, 22 AD2d 807, 807-808).

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.