■ In the Matter of ANSHIL GOLDBERGER, Appellant, v ARON FISCHER et al., Respondents. [864 NYS2d 143]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeals are from (1) so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 28, 2007, and (2) so much of a judgment of the same court entered March 16, 2007, as, upon the order, failed to include prejudgment interest on the award.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment which includes an award of prejudgment interest, and

the order dated February 28, 2007 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issue raised on the appeal from the order is brought up for review and has been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner was entitled to prejudgment interest from the date of the arbitration award (*see Matter of Meehan v Nassau Community Coll.,* 242 AD2d 155, 159-160 [1998]; *Matter of Aetna Cas. & Sur. Co. v Mantovani,* 240 AD2d 566, 569 [1997]; *Matter of Aetna Cas. & Sur. Co. v Rosen,* 233 AD2d 499, 500 [1996]; *Murphy v Wack,* 177 AD2d 382 [1991]). CPLR 5002 provides that interest "shall be recovered upon the total sum awarded . . . from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment" (*see Love v State of New York,* 78 NY2d 540, 545 [1991]; *Van Nostrand v Froehlich,* 44 AD3d 54 [2007]). "Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand for it in the complaint" (*Matter of Kavares [Motor Veh. Acc. Indem. Corp.],* 29 AD2d 68, 70-71 [1967], *affd* 28 NY2d 939 [1971] [internal quotation marks omitted]; *see e.g. Matter of Lyons v National Union Fire Ins. Co. of Pittsburgh,* 208 AD2d 540, 540-541 [1994]). Contrary to the respondents' contentions, an exception to this statutory mandate is not warranted by the circumstances of this case (*see Love v State of New York,* 78 NY2d 540, 545 [1991]; *Van Nostrand v Froehlich,* 44 AD3d 54 [2007]; *cf. Manufacturer's & Traders Trust Co. v Reliance Ins. Co.,* 8 NY3d 583 [2007]). Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.