■ In the Matter of Arbitration Between ROBERT E. PURCELL, Appellant, and MARJAMA & BILINSKI, Formerly Known as WALL, MARJAMA & BILINSKI, LLP, Respondent. [875 NYS2d 736]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered April 14, 2008 in a proceeding pursuant to CPLR article 75. The order and judgment, inter alia, granted the motion of respondent to confirm the arbitration award and the supplemental arbitration award.

It is hereby ordered that the order and judgment so appealed from is unanimously modified on the law by vacating the fourth ordering and decretal paragraph and by granting claimant interest on the arbitration award and the supplemental arbitration award at the rate of 9% per annum commencing October 25, 2007 and as modified the order and judgment is affirmed without costs.

Memorandum: Claimant, a former partner in respondent law firm, sought arbitration with respect to his entitlement to certain fees under his partnership agreement with respondent. The arbitrator initially conducted a hearing and thereafter issued an award to claimant on September 25, 2007. That award left one issue unresolved, however, and, following a further hearing conducted by telephone, the arbitrator issued a supplemental award to claimant on October 25, 2007, addressing the remaining issue. Supreme Court properly granted respondent's motion to confirm the arbitrator's initial and supplemental awards and denied claimant's cross motion to vacate them. Claimant failed to establish any grounds for setting the awards aside (*see generally* CPLR 7511 [b] [1]). It cannot be said that the arbitrator's "interpretation of the agreement . . . is violative of a strong public policy, . . . is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). Although the supplemental award of the arbitrator was untimely, claimant suffered no prejudice thereby and thus is not entitled to vacatur of the supplemental award on that ground (*see generally Matter of Jones v Progressive Cas. Ins. Co.*, 237 AD2d 358 [1997]).

We reject claimant's contention that the court erred in deducting $1,725 from the total award. The arbitrator determined in his initial award that claimant was responsible to respondent for the reimbursement of that amount, representing claimant's share of the arbitrator's fees and costs. We also reject claimant's contention that the court erred in deducting $6,335.99 from the total award. The arbitrator determined in his initial award that, pursuant to the partnership agreement, claimant was obligated to pay his share of any of respondent's long-term obligations submitted in evidence that were "called in." In moving to confirm the awards, respondent submitted evidence that one of the long-term obligations was called in, and claimant's share of that amount was $6,335.99.

We agree with claimant, however, that the court erred in deducting $1,294.42 from the total award, and we therefore modify the order and judgment accordingly. That amount represented claimant's alleged share of the cost of the conference room rental for the arbitration. The arbitrator did not address any issue with respect to the cost of the conference room rental in either his initial or supplemental award, and thus the court erred in modifying the awards of the arbitrator by deducting that amount (*see generally* CPLR 7511 [c]). Finally, we further modify the order and judgment by granting claimant prejudgment interest on the initial and supplemental awards commencing October 25, 2007, the date of the arbitrator's supplemental award (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Matter of Goldberger v Fischer*, 54 AD3d 955, 956 [2008]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.