■ In the Matter of the Arbitration between CURTIS LUMBER COMPANY, INC., Appellant-Respondent, and AMERICAN ENERGY CARE, INC., Respondent-Appellant. [916 NYS2d 857]—

Peters, J.P. Cross appeals from an order and judgment of the Supreme Court (Platkin, J.), entered May 4, 2010 in Albany County, which, among other things, granted respondent's cross application pursuant to CPLR 7511 to vacate a modified arbitration award.

In 2005, petitioner and respondent entered into a contract which provided that all disputes arising thereunder were to be submitted to arbitration. After a dispute arose between the parties, the issues were submitted to arbitration. Following extensive hearings, the arbitrator issued an award in favor of respondent. Thereafter, upon the parties' respective applications, the arbitrator issued a written decision modifying the award. Petitioner commenced the instant proceeding seeking to confirm in part and vacate in part the modified award, while respondent cross-petitioned to vacate the modified award and confirm the original award. Concluding that the arbitrator exceeded his authority in modifying the original award, Supreme Court vacated the modified award and confirmed the original award. These cross appeals ensued.

Except to the limited extent indicated hereafter, we agree with the entirety of Supreme Court's well-reasoned, comprehensive and legally supported decision (*Matter of Curtis Lbr. Co. Inc. v American Energy Care Inc.*, 27 Misc 3d 1217[A], 2010 NY Slip Op 50781[U] [2010]). However, in confirming the arbitrator's original award, interest should have been awarded to respondent from the date of the original award to the date of entry of the judgment confirming that award (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Matter of Kavares [Motor Veh. Acc. Indem. Corp.]*, 29 AD2d 68, 70-71 [1967], *affd* 28 NY2d 939 [1971]).* Thus, we modify Supreme Court's order and judgment accordingly.

Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied that portion of respondent's cross application for interest from August 26, 2009

* Petitioner concedes that prejudgment interest is warranted in favor of the party entitled to judgment in its favor.

to May 4, 2010; matter remitted to the Supreme Court to determine the interest due to respondent in accordance with this Court's decision; and, as so modified, affirmed.