■ ELLEN H. DERMIGNY, Respondent, v ROBERT F. HARPER, Appellant. [6 NYS3d 561]—

In an action seeking a trial de novo on issues previously submitted for arbitration, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Parga, J.), entered September 13, 2013, as, upon an order of the same court dated August 6, 2013, granting the plaintiff's motion to vacate a judgment entered December 2, 2009, awarded him the sum of only $73,336, without an award of prejudgment or pre-arbitration award interest. The notice of appeal from the order dated August 6, 2013, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment entered September 13, 2013, is modified, on the law, by adding thereto a provision awarding the defendant prejudgment interest on the award of $73,336, from April 28, 2009, and postjudgment interest; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the calculation of interest in accordance herewith, and the entry of an appropriate amended judgment thereafter.

The Supreme Court properly vacated the December 2, 2009, judgment on the ground that the defendant had misrepresented to the Clerk of the Court that he was entitled to recover pre-arbitration award interest (*cf.* CPLR 5015 [a] [3]; *Matter of Lockett v Juviler*, 65 NY2d 182, 186 [1985]; *Matter of Holden*, 271 NY 212, 218 [1936]). The order granting the defendant's motion to confirm the arbitration award, upon which the judgment was based, did not include a provision awarding the defendant pre-arbitration award interest. Furthermore, because the arbitration award did not include a provision awarding the defendant such interest, the court was without power to award pre-arbitration award interest (*see Matter of Rothermel [Fidelity & Guar. Ins. Underwriters]*, 280 AD2d 862 [2001]; *Matter of Aetna Cas. & Sur. Co. v Rosen*, 233 AD2d 499 [1996]; *Matter of Gruberg [Cortell Group]*, 143 AD2d 39, 40 [1988]; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.]*, 1 AD2d 659 [1955]).

However, pursuant to CPLR 5002, the defendant was entitled to prejudgment interest from the date of the arbitration award, April 28, 2009 (*see Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Matter of Shimon v Silberman*, 92 AD3d 789, 790 [2012]; *Matter of Goldberger v Fischer*, 54 AD3d 955, 956 [2008]; *Matter of Meehan v Nassau Community Coll.*, 242 AD2d 155, 159 [1998]; *Murphy v Wack*, 177 AD2d 382 [1991]). "Interest under CPLR 5002 is a matter of right and is not dependent upon the court's discretion or a specific demand" (*Matter of Kavares [Motor Veh. Acc. Indem. Corp.]*, 29 AD2d 68, 70 [1967] [internal quotation marks omitted], *affd* 28 NY2d 939 [1971]; *see NYCTL 1998-2 Trust v Wagner*, 61 AD3d 728, 729 [2009]; *Matter of Goldberger v Fischer*, 54 AD3d 955, 956 [2008]; *Matter of Glantz v Nationwide Mut. Ins. Co.*, 226 AD2d 638 [1996]). It "is simply the cost of having the use of another person's money for a specified period" and is not a penalty on the party owing money (*Love v State of New York*, 78 NY2d 540, 544 [1991]; *see Van Nostrand v Froehlich*, 44 AD3d 54, 57 [2007]). Accordingly, the defendant was entitled to prejudgment interest accruing from the date of the arbitration award, and to postjudgment interest pursuant to CPLR 5003. Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.