*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                520178
_____

In the Matter of the
    Arbitration between DAVID
    FRUEH CONTRACTING, LLC,
                        Appellant,          MEMORANDUM AND ORDER
        and

BCI CONSTRUCTION, INC.,
                        Respondent.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

_____


        Cooper Erving & Savage, LLP, Albany (Phillip G. Steck of
counsel), for appellant.

        Breakell Law Firm, PC, Albany (Paul C. Marthy of counsel),
for respondent.


_____


Devine, J.

        Appeal from an order and judgment of the Supreme Court
(Walsh, J.), entered October 6, 2014 in Albany County, which,
among other things, granted respondent's cross application
pursuant to CPLR 7511 to partially vacate a modified arbitration
award.

        Respondent was the prime contractor on a public work
project awarded by the United States Department of Labor for
construction at the Glenmont Job Corps Center in Albany County.
Respondent entered into a subcontract with petitioner to perform
site work in conjunction with that project, and the subcontract
provided that any dispute arising under the agreement would be

settled by binding arbitration.  Petitioner demanded arbitration in 2011, asserting, among other things, a quantum meruit claim. The arbitrator conducted a hearing, after which he issued an award finding that petitioner was entitled to recover $95,000 in damages under that theory, as well as fees and expenses. Petitioner applied for a modification of the award three days after it was issued, noting that the arbitrator had failed to include requested interest in his assessment of damages.  The arbitrator thereafter issued a modified award granting petitioner preaward interest in the amount of $24,453.

Petitioner commenced the instant proceeding seeking to confirm both the original and modified awards, while respondent cross-petitioned to vacate the modified award insofar as it awarded interest.  Petitioner further moved for an award of prejudgment interest from the date of the original award. Supreme Court vacated the interest provisions of the modified award, concluding that the arbitrator had exceeded his authority in modifying the original award.  Petitioner now appeals.

"[I]t has been recognized that an arbitrator's power to modify an award is extremely limited and that, absent compliance with the statutory requirements, an arbitrator is without authority to modify an award" (Matter of Bianchi [Katz], 111 AD3d 1012, 1013 [2013]; see Silber v Silber, 204 AD2d 527, 529 [1994], lv dismissed and denied 85 NY2d 856 [1995]).  The statutory requirements for modification are set forth in CPLR 7509, which allows an arbitrator to modify his or her award upon the grounds set forth in CPLR 7511 (c) if a timely application for modification is made.  Because a timely request was made by petitioner, modification was permissible if:  "1. there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award; or 2. the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or 3. the award is imperfect in a matter of form, not affecting the merits of the controversy" (CPLR 7511 [c]).  The arbitrator determined that the first two grounds were inapplicable, but that modification was warranted because the failure to assess the requested interest constituted an imperfection in the form of the original award.

Supreme Court correctly determined that CPLR 7511 (c) (3) had no applicability to the modification at issue here, which significantly affected the amount of the award and "was not merely one of form, but one which affect[ed] the substantive rights of the parties" (Matter of Lange-Finn Constr. Co. [Joyce & Sons—Kramer & Sons], 50 AD2d 696, 696-697 [1975], affd 41 NY2d 814 [1977]; see Matter of New Paltz Cent. School Dist. [New Paltz United Teachers], 99 AD2d 907, 908 [1984]).  Even accepting as true that the arbitrator was obliged to award interest as a matter of law (compare Precision Founds. v Ives, 4 AD3d 589, 593 [2004], with Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877, 879 [1997]), "[i]t is clear that an arbitrator's award cannot be . . . modified due to an error of fact or law unless the correction comes within the corrective or regulatory sections of the CPLR" (Matter of City of Troy [Village of Menands], 48 AD2d 733, 733-734 [1975]; see CPLR 7509; Matter of Bianchi [Katz], 111 AD3d at 1013).  Because the error here does not, the arbitrator lacked authority to correct it (see Matter of Rothermel [Fidelity & Guar. Ins. Underwriters], 280 AD2d 862, 862 [2001]; Matter of Curtis Lbr. Co. Inc. v American Energy Care Inc., 27 Misc 3d 1217[A], 2010 NY Slip Op 50781[U], *4-5 [Sup Ct, Albany County 2010], mod on other grounds 81 AD3d 1225 [2011]).

Lastly, the parties do not dispute that Supreme Court should have granted prejudgment interest "from the date of the original award to the date of entry of the judgment confirming that award" (Matter of Curtis Lbr. Co., Inc. [American Energy Care, Inc.], 81 AD3d 1225, 1225 [2011]; see CPLR 5002).  Remittal is necessary to deal with that issue, although we note that petitioner seeks no interest after August 1, 2014, the date on which respondent paid the award in full.

Lahtinen, J.P., Rose and Clark, JJ., concur.

ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied that portion of petitioner's application for interest from December 1, 2013 to August 1, 2014; matter remitted to the Supreme Court to determine the interest due to petitioner in accordance with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court