■ In the Matter of the Arbitration between RUDY GRUBERG et al., Appellants, and the CORTELL GROUP, INC., et al., Respondents.—Order of the Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about January 26, 1988, which amended a prior judgment of the same court, entered December 17, 1987, to the extent of modifying the award for interest in an arbitration determination and having the interest commence running 150 days after the date of the arbitrator's award, to wit: October 15, 1987, rather than accruing from December 31, 1985, the date of the termination of an employment agreement, as provided in the prior judgment, is unanimously modified, on the law, to the extent that interest shall be awarded from September 21, 1987, and the order is otherwise affirmed, without costs.

In a contract dispute brought before an arbitrator the question of whether interest from the date of the breach of the contract should be allowed in an arbitration award is a mixed question of law and fact for the arbitrator to determine. *(Matter of Penco Fabrics [Louis Bogopulsky, Inc.],* 1 AD2d 659.) Furthermore, in a CPLR 7510 motion to confirm an arbitration award, the arbitrator's award is deemed conclusive as to all matters of law and fact, unless some ground for modification or vacatur, as set forth in CPLR 7511, is established. Thus, on a motion to confirm an arbitration award, if the award is silent on the question of prejudgment interest, a court is not entitled to award such interest. *(Supra.)* Rather, "upon confirmation of an arbitrator's award, interest should be provided from the date of the award." *(Board of Educ. v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 558; *Matter of Penco Fabrics [Louis Bogopulsky, Inc.], supra,* at 659.) This court further held in *Penco Fabrics (supra)* that when the arbitrator's award requires a party to pay within a certain time period, "interest should run only from the expiration of that period."

The court below obviously intended to follow the case law

on this issue when it amended its prior judgment, which had improperly awarded prejudgment interest, to the extent of modifying the interest award by having interest accrue 150 days after the arbitration award, which marked the expiration of the payment schedule. However, the court miscalculated October 15, 1987 as the date from which interest should commence running. The arbitrator was very clear that the date from which the payment schedule should commence was the date of the letter transmitting to the parties the duly executed arbitration award, to wit: April 24, 1987. The final payment was to occur 150 days from the date of this letter, which would be September 21, 1987, not October 15, 1987, as the court calculated. Thus, interest should commence as of September 21, 1987. Concur—Kupferman, J. P., Carro, Ellerin and Wallach, JJ.