■ WILLIAM HUNTER, Respondent, v GLENWOOD MANAGEMENT, Appellant.—Order of the Supreme Court, New York County (David Edwards, Jr., J.), entered on or about August 22, 1988, which confirmed so much of an arbitrator's award as determined that petitioner had been discharged without sufficient cause, but which vacated that part of the award entitling petitioner to only two weeks' back pay, unanimously modified on the law, to reinstate the vacated portion of the award, and except as so modified, affirmed, without costs.

After a hearing, an arbitrator found that petitioner had been discharged from his employment with respondent without sufficient cause and that he was, therefore, entitled to reinstatement. Although at the time of the arbitration award

some 11 months had passed since the wrongful discharge, the arbitrator only awarded the petitioner two weeks' back pay. The arbitrator ruled that a higher award was not warranted since petitioner had not shown that he had made reasonable efforts to mitigate his damages by seeking other employment. Petitioner then commenced the present proceeding pursuant to CPLR article 75 in the context of which he sought to vacate that part of the award limiting his recovery to only two weeks of back pay. Petitioner argued, and the IAS court found, that the arbitrator had contravened public policy by placing the burden of proof as to mitigation of damages on petitioner, and that the arbitrator had both construed the collective bargaining agreement irrationally and exceeded his authority thereunder. We disagree.

Courts may not readily disturb the resolution of disputes properly brought to arbitration *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341). Otherwise, arbitration would cease to represent an alternative to the judicial forum but would instead be subsumed within it. Accordingly, once parties have agreed that disputes between them are to be arbitrated and have in pursuance of such agreement submitted a dispute to arbitration, they will be bound by the arbitrator's determination which is subject to judicial vacatur only in the most exceptional circumstances. Our statutory and decisional law make plain that an arbitrator's power to resolve a dispute properly before him is ordinarily plenary unless expressly limited by the terms of the agreement to arbitrate *(see,* CPLR art 75; *see also, Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307-309). Thus, absent such limitation, the arbitrator may do as he sees fit; he is not bound by principles of substantive law or rules of evidence *(supra; Lentine v Fundaro,* 29 NY2d 382; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354, 356).

The arbitration clause in the collective bargaining agreement at bar did not require the arbitrator to adhere to any substantive legal principles or to the rules of evidence. The arbitrator was, therefore, free to allocate the burden on the issue of mitigation as he thought appropriate. The fact that the burden might have been differently placed in a court of law *(see, Cornell v T. V. Dev. Corp.,* 17 NY2d 69) does not furnish a basis to disturb the arbitrator's determination. Of course, if the arbitrator's placement of the evidentiary burden had violated some strong public policy, that would be ground for vacatur *(Matter of Silverman [Benmor Coats], supra,* at 308; *Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630), but

petitioner has not identified, nor are we able to perceive, any public policy contravened by the arbitrator's ruling.

Nor did the award violate the substantive terms of the collective bargaining agreement, for contrary to petitioner's contention, the agreement did not require full restoration of back pay in the event of a finding of wrongful termination. The relevant portion of the agreement provides simply: "Should it be determined that a discharge was not warranted, such discharged or suspended Employee shall be fully reinstated in his position and *may* be compensated at his/her usual rate of pay for lost work or opportunity" (emphasis added). Although petitioner reads other portions of the agreement respecting seniority and the maintenance of working conditions to mandate a full award of back pay in cases of discharge for insufficient cause, the interpretation of the agreement was a matter expressly committed to the arbitrator by the agreement which states "[s]aid Arbitration Board is hereby empowered to rule on the application, intent, interpretation or effect of any of the provisions of this Agreement on any issue submitted to it; such ruling to be final and binding on all parties." Moreover, even if the agreement had not so provided, it is well established that an arbitrator's award "will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" *(Matter of Silverman [Benmor Coats], supra,* at 308). As the arbitrator's reading of the agreement and consequent award did not offend in any of these ways, his determination must be sustained.

We have considered the other point raised by appellant and find it to be without merit. Concur—Murphy, P. J., Ross, Smith and Rubin, JJ.