■ In the Matter of LEVIN & GLASSER, P.C., Respondent, v KENMORE PROPERTY, LLC, Appellant. [896 NYS2d 311]—

Judgment, Supreme Court, New York County (Lottie E. Wilkins, J.), entered November 19, 2007, confirming an arbitration award of $280,000 in favor of petitioner and, insofar as appealed from as limited by the briefs, dismissing respondent's

counterclaim to recover certain funds that had been held in escrow by petitioner, and awarding petitioner prejudgment interest, costs and disbursements, unanimously reversed, on the law with costs, the awards of interest, costs and disbursements in favor of petitioner vacated, respondent's counterclaim reinstated, respondent awarded the amount over $280,000 in the escrow account as of March 13, 2007, with interest from that date, and petitioner directed to return to respondent any amount over $280,000 paid by respondent in satisfaction of the judgment, with interest from the date of payment. The matter is remanded for settlement of an amended judgment in accordance herewith.

The petitioner law firm was the claimant in an arbitration proceeding against respondent, its former client, under the Fee Dispute Resolution Program (Rules of Chief Admin of Cts [22 NYCRR] part 137). By an award dated February 13, 2007, the arbitrators awarded petitioner $280,000 in fees and disbursements, roughly $30,000 less than petitioner claimed it was owed. At the time the fee dispute arose, petitioner was holding in escrow $402,128.60 in settlement proceeds from the underlying litigation in which it represented respondent. Prior to the arbitration hearing taking place, petitioner sent respondent a check for $92,266.03, retaining in escrow $309,862.57, the amount it claimed it was owed in fees and disbursements.

Petitioner commenced the instant proceeding to confirm the award and requested that the judgment confirming the award include interest at the statutory rate of 9% from the date it claimed the fees and disbursements were due, December 23, 2005 (the date of its final bill). By a judgment entered November 19, 2007, Supreme Court confirmed the award and directed that interest be paid from December 23, 2005, which it calculated to be $48,052.60. Because the amount awarded with interest was greater than the amount held in escrow, respondent was required to pay an additional sum to petitioner to satisfy the judgment. Respondent contends, and we agree, that the court erred in awarding interest prior to the date of the award.

We have previously held that "[i]n a contract dispute brought before an arbitrator the question of whether interest from the date of the breach of the contract should be allowed in an arbitration award is a mixed question of law and fact for the arbitrator to determine" (*Matter of Gruberg [Cortell Group]*, 143 AD2d 39, 39 [1988], citing *Matter of Penco Fabrics [Louis Bogopulsky, Inc.]*, 1 AD2d 659 [1955] ["The question whether interest was to be allowed on the award from the date when payment of the invoices was found to be due was for the arbitrators to determine"]).

We perceive no basis for coming to a different conclusion with respect to arbitrations under the Fee Dispute Resolution Program. To be sure, the Rules of the Chief Administrator of the Courts do not authorize an award of preaward interest. But neither do they forbid it and, for several reasons, we think the silence of the rules on this subject is an insufficient basis for concluding that the arbitrators have no authority to award preaward interest. First, "the cases grant arbitrators broad authority to resolve disputes" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 93 [1991]; *see also Matter of Board of Educ. of Norwood-Norfolk Cent. School Dist. [Hess]*, 49 NY2d 145, 152 [1979] ["to achieve what the arbitration tribunal believes to be a just result, it may shape its remedies with a flexibility at least as unrestrained as that employed by a chancellor in equity"]). Accordingly, the legally significant fact is the absence of a provision in the rules prohibiting, rather than the absence of one authorizing, the award of preaward interest (*see Hunter v Glenwood Mgt.*, 156 AD2d 310, 311 [1989] ["an arbitrator's power to resolve a dispute properly before him is ordinarily plenary unless expressly limited by the terms of the agreement to arbitrate"]).

In addition, to conclude that arbitrators under the Fee Dispute Resolution Program lack that authority would make little sense, as it would invite, as it did here, subsequent judicial proceedings whenever attorneys prevail in an arbitration. Judicial proceedings would be necessary for attorneys to vindicate their right under CPLR 5001, on a claim for breach of contract, to interest on the sum awarded "computed from the earliest ascertainable date on which the . . . cause of action existed and if that date cannot be ascertained with precision, . . . from the earliest time at which it may be said the cause of action accrued" (*Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel*, 243 AD2d 877, 880 [1997] [internal quotation marks omitted]). Moreover, in some cases those judicial proceedings would be at least partially duplicative of the arbitral proceedings, contrary to both a principal purpose of arbitration, the swift and efficient resolution of disputes (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95 [1975]), and the summary nature of a special proceeding pursuant to CPLR 7510 to confirm an arbitration award (*see Matter of Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [2009]). After all, the parties may disagree about the date from which interest should run, and resolving such disputes may require the court to become familiar with the underlying controversy (*see e.g. Ogletree*, 243 AD2d at 880).

Given that the arbitrators had authority to award preaward

interest and made no such award, we would be required to reverse so much of the judgment as directed payment of preaward interest if petitioner sought preaward interest from the arbitrators (*see Matter of Gruberg [Cortell Group]*, 143 AD2d at 39 ["on a motion to confirm an arbitration award, if the award is silent on the question of prejudgment interest, a court is not entitled to award such interest. . . . Rather, 'upon confirmation of an arbitrator's award, interest should be provided from the date of the award' "]). Respondent contends that petitioner did seek preaward interest, and relies in particular on the answer given by petitioner's counsel when one of the arbitrators asked, "Are you claiming interest?" Counsel responded, "We are claiming interest from the period when the money became due and payable. November '05." Although petitioner acknowledges that its counsel gave that answer, it nonetheless asserts, without further explanation, that it "at no time claimed that it was seeking such interest in the arbitration for the obvious reason that the panel could not award interest." We need not decide, however, whether petitioner did or did not seek preaward interest from the arbitrators. Because petitioner could have sought interest from the arbitrators, it is barred from seeking it from the court in its petition to confirm the award (*cf. Clemens v Apple*, 65 NY2d 746 [1985] [where party had a full and fair opportunity to litigate claim during arbitration proceeding, it cannot seek to litigate the same claim in judicial forum]).

Further, petitioner is not entitled to postaward, prejudgment interest since it was holding the $310,000 at issue in escrow and chose not to avail itself of the funds when the arbitrators' award of $280,000 became final. Although petitioner asserts that it could not pay itself from the escrowed funds without respondent's consent and also asserts that appellant never gave its consent, the relevant rule, former Code of Professional Responsibility DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4]) (now Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [b] [4]), does not require client consent under these circumstances. To the contrary, it provides that the lawyer may withdraw the funds being held upon final resolution of the dispute. Nonetheless, when the award became final, petitioner did not pay itself the amount of the award and transmit the balance (approximately $35,000) to respondent. Rather, in addition to seeking respondent's written authorization for payment of the award from the escrow account, petitioner improperly sought to obtain a benefit from its former client by refusing to transmit the balance unless respondent and its principal executed releases. The balance belonged to respondent and petitioner had no legal claim to it. Accordingly, petitioner was required to "promptly pay" to re-

spondent the funds to which it was entitled after the arbitrators' award became final (former Code of Professional Responsibility DR 9-102 [c] [4] [22 NYCRR 1200.46 (c) (4)] [now Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4)]).*

In short, petitioner both deprived itself of the use of the funds awarded to it and deprived respondent of the use of the balance of the funds being held in escrow. Under settled law, petitioner's statutory right to interest is far from absolute. To the contrary, as then Justice Bergan stated for a panel of this Court, "The holder of the judgment may be estopped by equitable considerations, or by his own acts, from enforcing the interest which the statute gives him" (*Feldman v Brodsky*, 12 AD2d 347, 350, 351 [1961] ["Interest may be cut off because of some action by the judgment creditor which would make it inequitable or oppressive that he get interest on his judgment, e.g., his refusal to accept a tender"], *affd* 11 NY2d 692 [1962]; *see also Matter of Venables v Painewebber, Inc.*, 205 AD2d 788, 789 [1994]). Given the "special and unique duties" petitioner owed to respondent, including "safeguarding client property and honoring the client['s] interests over [its own]" (*Matter of Cooperman*, 83 NY2d 465, 472 [1994]), we think it would be particularly inequitable to require respondent to pay statutory interest to petitioner and thus recompense petitioner for its own failure to pay itself.

Because petitioner was holding more than the $280,000 it was awarded by the arbitrators on the date the award became payable, March 13, 2007, respondent is entitled to the balance that would have remained in the escrow account after payment of the award on that date, with interest on such balance from that date. In addition, because Supreme Court erred in awarding interest to petitioner and respondent was thereby required to pay an additional sum to petitioner to satisfy the judgment, respondent is entitled to the amount it paid over $280,000 to satisfy the judgment, with interest from the date the sum was paid. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.

■ Fidelity National Title Insurance Company et al., Appellants, and Sheila Ferrari et al., Intervenors-Appellants, v

---

* On April 13, 2007, when respondent refused to supply the releases, its attorney transmitted to petitioner a signed authorization for respondent and stated "feel free to make the [$280,000] distribution to your firm today, and send the check for . . . the remaining balance to our office." Although petitioner contends that the authorization contained an inaccurate statement about the underlying action in which it represented respondent, we note that the authorization did not purport to require the signature of a representative of petitioner.