| Matter of Maxx Sports & Entertainment Group, Inc. v Krick |
|---|
| 2024 NY Slip Op 30916(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654556/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JOHN J. KELLEY**        PART             56M

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

MAXX SPORTS & ENTERTAINMENT GROUP, INC.,

           Petitioner,

           - v -

TRYSTA KRICK,

           Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654556/2023 |
| MOTION DATE | 12/19/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT    .

MAXX Sports & Entertainment Group, Inc. (MAXX), petitions pursuant to CPLR 7510 to confirm an arbitration award dated August 30, 2023, made by an arbitrator acting under the auspices of the American Arbitration Association (AAA). The respondent, Trysta Krick, does not oppose the petition. The petition is granted, the award is confirmed, and the Clerk of the court is directed to enter a money judgment in favor of MAXX in the sum of $40,838.70, plus statutory interest from August 20, 2023.

MAXX is a career management agency and business advisor for media personalities and broadcast talent, including those in the sports and entertainment industry. On January 22, 2020, MAXX entered into a representation contract with Krick, who is a radio and media personality currently employed by Audacy Operations, Inc., doing business as BetQL (Audacy). The contract had an initial term of two years, and was renewed for an additional two-year term, thus extending the agreement until January 21, 2024. The contract provided that MAXX was entitled to receive a 10% commission on any compensation that Krick received pursuant to any employment agreements that she entered into during the term of her contract with MAXX,

**654556/2023 MAXX SPORTS & ENTERTAINMENT GROUP, INC. vs. KRICK, TRYSTA**
**Motion No. 001**

Page 1 of 4

1 of 4

[* 1]

except as to any amendment or extension of Krick's preexisting employment agreement with Barstool Sports. The contract further provided that MAXX was entitled to receive commissions even after the termination of the subject contract to the extent that Krick continued to receive compensation pursuant to any employment agreement that she entered into during the term of the subject contract, as well as any extensions of said agreements that had been entered into during the term of the subject contract. MAXX secured Krick's employment with Audacy pursuant to a two-year employment contract that commenced on September 7, 2021, and was extended from September 6, 2023 until September 6, 2024.

The contract between MAXX and Krick contained an arbitration clause, pursuant to which the parties agreed to arbitrate any dispute under the agreement in New York. After Krick failed to pay MAXX its commissions on December 2, 2022, MAXX demanded arbitration before the AAA. After both parties appeared at an arbitration hearing, the AAA arbitrator, in an award dated August 30, 2023, found in favor of MAXX and against Krick, in the total principal sum of $40,838.70, and also directed that,

> "[i]n the event the option extension was exercised, and Krick and Audacy enter into an extension, modification, renewal, or spinoff of the Audacy Agreement, Krick shall pay to MAXX Sports commissions in an amount equal to ten percent (10%) of monies, including but not limited to exercised stock options, licenses, franchise agreement proceeds, overtime, advances, profit-sharing advances, and all other forms of compensation ('Compensation') received by Krick, directly or indirectly, for a period equal to such extension, modification, renewal, or spinoff, but such payment period shall not exceed five (5) years regardless of the length of such extension, modification, renewal, or spinoff;

> "In the event Krick enters into an employment agreement with an employer up to and including January 21, 2024, Krick shall pay to MAXX Sports as commissions an amount equal to ten percent (10%) of Compensation received by Krick through such employment agreement and a sum equal to ten percent (10%) of Compensation received by Krick, directly or indirectly, for a period equal to the length of time of an option to extend such agreement provided that such option is exercised prior to the termination of the Representation Agreement. In the event Krick and her employer enter into a spinoff, modification, extension, or subsequent renewal of such employment agreement negotiated during the term of the Representation Agreement, Krick shall pay to MAXX Sports as commission an amount equal to ten percent (10%) of Compensation for the length of time of such spinoff or renewal but such time period shall not exceed five (5) years."

654556/2023   MAXX SPORTS & ENTERTAINMENT GROUP, INC. vs. KRICK, TRYSTA          Page 2 of 4
Motion No.  001

2 of 4

[* 2]

MAXX commenced this proceeding on September 18, 2023. In an order dated November 14, 2023 (MOT SEQ 002), this court granted MAXX's motion pursuant to CPLR 308(5) for permission to effect service of process upon Krick by overnight delivery and regular mail at two addresses in Washington, D.C. On November 16, 2023, MAXX properly served Krick with process in accordance with the November 14, 2023 order. Krick has not appeared in this proceeding.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." The grounds specified in CPLR 7511 are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.,* 66 AD3d 201 [1st Dept 2009]) and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). The instant proceeding to confirm the arbitration award was timely commenced on September 18, 2023 (*see* CPLR 304[a]). MAXX contends that the award was proper in all respects and that no grounds exist for modification or vacatur. The court agrees, and concludes that MAXX is entitled both to the confirmation of the award, the entry of a money judgment in the sum of $40,838.70, and a judgment declaring its entitlement to future payments to the extent set forth in the arbitration award. The money judgment must bear interest from the date of the arbitration award, that is, from August 30, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn*., 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc*., 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the matter entitled *Matter of MAXX Sports & Entertainment Group, Inc., v Trysta*

654556/2023   MAXX SPORTS & ENTERTAINMENT GROUP, INC. vs. KRICK, TRYSTA                    Page 3 of 4
Motion No.  001

[* 3]                                                        3 of 4

*Krick,* American Arbitration Association Case Number 01-23-0000-5487, dated August 30, 2023,

be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the

petitioner, MAXX Sports & Entertainment Group, Inc., and against the respondent, Trysta Krick,

in the principal sum of $40,838.70, with statutory interest at 9% per annum from August 30, 202;

and it is further,

ADJUDGED AND DECLARED that,

> In the event the option extension was exercised, and Krick and Audacy enter into an extension, modification, renewal, or spinoff of the Audacy Agreement, Krick shall pay to MAXX Sports commissions in an amount equal to ten percent (10%) of monies, including but not limited to exercised stock options, licenses, franchise agreement proceeds, overtime, advances, profit-sharing advances, and all other forms of compensation ('Compensation') received by Krick, directly or indirectly, for a period equal to such extension, modification, renewal, or spinoff, but such payment period shall not exceed five (5) years regardless of the length of such extension, modification, renewal, or spinoff;  and

> In the event Krick enters into an employment agreement with an employer up to and including January 21, 2024, Krick shall pay to MAXX Sports as commissions an amount equal to ten percent (10%) of Compensation received by Krick through such employment agreement and a sum equal to ten percent (10%) of Compensation received by Krick, directly or indirectly, for a period equal to the length of time of an option to extend such agreement provided that such option is exercised prior to the termination of the Representation Agreement.  In the event Krick and her employer enter into a spinoff, modification, extension, or subsequent renewal of such employment agreement negotiated during the term of the Representation Agreement, Krick shall pay to MAXX Sports as commission an amount equal to ten percent (10%) of Compensation for the length of time of such spinoff or renewal but such time period shall not exceed five (5) years.

This constitutes the Decision, Order, and Judgment of the court.

| 3/19/2024 | | | | JOHN J. KELLEY, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

654556/2023   MAXX SPORTS & ENTERTAINMENT GROUP, INC. vs. KRICK, TRYSTA          Page 4 of 4
Motion No.  001

4 of 4

[* 4]