## Matter of Progressive Cas. Ins. Co. v Office of the Comptroller (NYC)

2024 NY Slip Op 31169(U)

April 4, 2024

Supreme Court, New York County

Docket Number: Index No. 654336/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JOHN J. KELLEY

*Justice*

-------------------------------------------------------------------------------X

In the Matter of

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Petitioner,

- v -

OFFICE OF THE COMPTROLLER (NYC) and THE CITY
OF NEW YORK,

Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 56M |
| INDEX NO. | 654336/2023 |
| MOTION DATE | 11/08/2023 |
| MOTION SEQ. NO. | 001 |

**AMENDED DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT        .

**The court's prior decision, order, and judgment dated April 2, 2024, is recalled and vacated, upon the court's own motion, to address the petitioner's request to confirm an additional arbitration award, as set forth in its petition, and the following decision, order, and judgment is substituted therefor:**

Progressive Casualty Insurance Company (Progressive) petitions pursuant to CPLR 7510 to confirm two arbitration awards, both dated September 7, 2022, made by an arbitrator acting under the auspices of Arbitration Forums, Inc. (AFI), and pursuant to CPLR 7514 to direct the entry of judgment thereon. The respondents, Office of the Comptroller (NYC) (the Comptroller), and the City of New York, do not oppose the petition. The petition is granted, the awards rendered under AFI Docket Nos. I068-06355-22-00 and I068-06356-22-00 are confirmed, and Progressive is entitled to enter a money judgment against the City of New York in the principal sum of $32,210.69, plus statutory interest from September 7, 2022.

Progressive is the insurer of a motor vehicle owned and operated by Gregorio Perez Ortega. The Comptroller is the self-insurer of a Ford utility truck owned by the New York City

**654336/2023   PROGRESSIVE CASUALTY INSURANCE COMPANY vs. OFFICE OF THE COMPTROLLER (NYC) ET AL**
**Motion No.  001**

**Page 1 of 4**

[* 1]

Department of Environmental Protection, which had been furnished to operator Gregory Cook. On December 2, 2019, Perez Ortega was operating his vehicle northbound on Trantor Place in Bronx, New York, near its intersection with Innis Street, immediately front of Cook's vehicle, when Cook's vehicle struck Perez Ortega's vehicle in the rear. At the time, Ashley Perez was a passenger in Perez Ortega's vehicle.

Perez Ortega made claim for the injuries that he sustained in the accident upon his insurer, Progressive, which paid claims totaling $26,720.23, either to him or on his behalf. Ashley Perez made claim for the injuries that she sustained in the accident upon Progressive, which paid claims totaling $5,490.36, either to her or on her behalf.

Inasmuch as Cook's vehicle was a "motor vehicle weighing more than six thousand five hundred pounds unloaded" (Insurance Law § 5105[a]), Progressive was entitled to seek a personal injury protection (PIP) "loss transfer" from the Comptroller to reimburse it for the benefits that it had paid out to and on behalf of Perez Ortega and Perez. To obtain this loss transfer, Progressive was required to establish that Cook, as the operator of the vehicle insured by the Comptroller, was at fault in the happening of the accident. Insurance Law § 5105(b) provides that, where an insurer seeks to recover first-party benefits/PIP loss transfer from the "insurer of any other covered person" on the ground that the other covered person was at fault in the happening of the accident, "[t]he sole remedy . . .shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent" of the New York State Department of Financial Services. Pursuant to those regulations, AFI has been designated as the exclusive forum for resolution of no-fault related, loss-transfer arbitration matters (*see* 11 NYCRR 65.10). Progressive thus demanded inter-insurer arbitration with the Comptroller before AFI.

In the September 7, 2022 arbitration awards, an arbitrator acting under the auspices of AFI, after an arbitration proceeding in which the respondents neither answered nor appeared, found Perez Ortega's description of the accident to be credible, found in favor of Progressive,

**654336/2023   PROGRESSIVE CASUALTY INSURANCE COMPANY vs. OFFICE OF THE COMPTROLLER (NYC) ET AL**
**Motion No.  001**

**Page 2 of 4**

and concluded that Cook was at 100% at fault in the happening of the subject accident because he was negligent in failing to maintain safe distance behind Perez Ortega's vehicle, and because he was inattentive as he operated his vehicle. She thus determined that the Comptroller was obligated to pay Progressive the sum of $26,720.23 with respect to Perez Ortega's claim and $5,490.36 with respect to Perez's claims.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." The grounds specified in CPLR 7511 are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.,* 66 AD3d 201 [1st Dept 2009]) and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). The instant proceeding to confirm the arbitration award was timely commenced on September 6, 2023 (*see* CPLR 304[a]). Progressive contends that the award was proper in all respects and that no grounds exist for modification or vacatur. The court agrees, and concludes that Progressive is entitled both to the confirmation of the awards and the entry of a money judgment in the sum of $32,210.69, representing the sum of the awards of $26,720.23 and $5,490.36. The money judgment must bear interest from the date of the arbitration awards, that is, from September 7, 2022 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc.*, 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration awards rendered in the matters entitled *Progressive Casualty Insurance Company v Office of the*

**654336/2023   PROGRESSIVE CASUALTY INSURANCE COMPANY vs. OFFICE OF THE COMPTROLLER (NYC) ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

*Comptroller (NYC),* Arbitration Forums, Inc., Docket Numbers I068-06355-22-00 and I068-06356-22-00, both dated September 7, 2022, be, and hereby are, confirmed; and it is further,

ORDERED that, within 30 days of the entry of this Order and Judgment, the petitioner shall personally deliver a copy of this Order and Judgment with notice of entry to the New York City Corporation Counsel, 100 Church Street, New York, New York 10007; and it is further,

ORDERED that, upon the petitioner's submission of proof of service of a copy of this Order and Judgment with notice of entry upon the New York City Corporation Counsel, the Clerk of the court shall enter a money judgment in favor of Progressive Casualty Insurance Company and against the City of New York in the principal sum of $32,210.69, with statutory interest at 9% per annum from September 7, 2022.

This constitutes the Amended Decision, Order, and Judgment of the court.

| 4/4/2024 | | | | | _John J. Kelley_ |
|---|---|---|---|---|---|
| **DATE** | | | | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**654336/2023   PROGRESSIVE CASUALTY INSURANCE COMPANY vs. OFFICE OF THE COMPTROLLER (NYC) ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4

[* 4]