## Matter of Kastanis v South Bay Parnassa, LLC

2024 NY Slip Op 32849(U)

August 13, 2024

Supreme Court, New York County

Docket Number: Index No. 654713/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                          PART          56M

                                              *Justice*

--------------------------------------------------------------------------------X

In the Matter of                                    INDEX NO.        654713/2023

DEMETRIOS KASTANIS,                                 MOTION DATE      07/12/2024

                              Petitioner,           MOTION SEQ. NO.      001

                        - v -

SOUTH BAY PARNASSA, LLC, and SOUTH BAY 1050,        **DECISION, ORDER, AND**
LLC,                                                **JUDGMENT**

                              Respondents.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8,
9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36,
37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for                  CONFIRM/DISAPPROVE AWARD/REPORT       .

Demetrios Kastanis petitions pursuant to CPLR 7510 to confirm an arbitration award

dated August 6, 2023, made by an arbitrator acting under the auspices of the American

Arbitration Association (AAA).  The respondents do not oppose the petition.  The petition is

granted, the award is confirmed, and the Clerk of the court is directed to enter a money

judgment in favor of Kastanis and against the respondents, jointly and severally, in the sum of

$138,674.00, plus interest at the statutory rate of 9% per annum from June 21, 2022 on the first

$122,724.00 of that sum, and from August 6, 2023 on the remaining $15,950.00 of that sum.

The underlying dispute here involved the refinancing of an initial mortgage loan debt that

had been incurred by a limited liability company (LLC) in connection with a Florida real estate

project, and that LLC's repayment of its indebtedness to its original lender.  Specifically, this

dispute concerns whether a certain member of the LLC exceeded its authority under the

relevant operating agreement by entering into the refinance agreement, and failed to repay the

other member from the proceeds of the refinancing for loans that the latter made to the LLC.

**654713/2023   KASTANIS, DEMETRIOS vs. SOUTH BAY PARNASSA LLC ET AL**               Page 1 of 5
    Motion No.  001

1 of 5

Pursuant to an operating agreement dated August 2, 2019, and amended June 24, 2020, the respondent South Bay 1050, LLC (SB 1050), was established as a Florida limited liability company for the purpose of developing or renovating real property in South Bay, Florida. At its inception, SB 1050 had six members, but, by the time that the operating agreement was amended in 2020, it had only four members, including Kastanis and the respondent South Bay Parnassa, LLC (SBP), that latter of which had bought out the membership interests of the other two members. SBP, whose members were Sholom Dekhkanov and Regina Shakarova, currently owns an 80% membership interest in SB 1050, while Kastanis owns a 20% membership interest in SB 1050. The June 24, 2020 amendment to SB 1050's operating agreement provided that each member generally was granted voting rights in proportion to the percentage ownership interest that the particular member possessed, but that, to authorize SB 1050 to incur indebtedness other than in the ordinary course of business, or to make any voluntary prepayment of any debt incurred by SB 1050, "60% of the members" must approve of the action, regardless of the membership interest held by any particular member.

Between February 18, 2021 and December 30, 2021, Kastanis contributed $122,724.00 to SB 1050 as and for his membership contributions as the owner of a 20% interest in that LLC, and loaned SB 1050 an additional $122,724.00. That loan was intended to be repaid by SB 1050 when it refinanced the project. On June 21, 2022, SB 1050 refinanced the project with a new loan originated by Arbor Commercial Funding, LLC, in the face amount of $3,489,000.00, thus paying off the $2,178,793.62 in principal remaining on its initial mortgage, and retaining the remaining $1,093,213.08 of the loan proceeds in reserve. The refinancing agreement was executed by Dekhkanov, as a member of SBP, which, as noted, was one of the two members of SB 1050. Despite due demand therefor, neither Dekhkanov, SBP, nor SB 1050 repaid Kastanis in connection with his $122,724.00 loan to SB 1050.

On December 22, 2022, Kastanis served the respondents with a demand for arbitration of his claim for $122,724.00 against them before the AAA. He alleged in his demand that SB

**654713/2023   KASTANIS, DEMETRIOS vs. SOUTH BAY PARNASSA LLC ET AL**          Page 2 of 5
  **Motion No. 001**

[* 3]

1050 was obligated to repay the amount that he loaned to it, plus interest, and that SBP should be held jointly and severally liable with SB 1050 for the same amount, since it improperly orchestrated the refinance agreement without his consent, as required by the operating agreement. Kastanis further alleged that SBP diverted the excess proceeds of the refinance loan into its own account. That same day, Kastanis filed the demand for arbitration with the AAA. The respondents failed to respond to the demand or appear at the arbitration hearing, which was conducted on July 20, 2023.

In an award dated August 6, 2023, the arbitrator agreed with Kastanis's contentions. She found that any refinancing of SB 1050's entire debt in connection with the South Bay real property project would not and did not constitute a loan in the ordinary course of business and would, of necessity, require the voluntary prepayment of the initial debt incurred to finance that project. Since she concluded that there were only two members of SB 1050, she explained that one member of that LLC, acting alone, lacked the authority to authorize such a refinancing and prepayment of existing debt, since that member represented only 50%, rather than 60%, of the LLC's membership. The arbitrator rejected the credibility of a refinance balance sheet that the respondents had prepared, and concluded that "there should have been more than sufficient net proceeds from the Refinance to pay off the $122,724.00 in loans" that Kastanis made to SB 1050 during 2021.

The arbitrator thus awarded Kastanis the principal sum $122,724.00, plus the sum of $15,950.00 in attorneys' fees and costs, as required by AAA rules, for a total award of $138,674.00, with prejudgment interest at 9% per annum on the principal sum from June 21, 2022, and prejudgment interest at 9% per annum on the award of fees and costs from August 6, 2023.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Since the arbitration involved here is

**654713/2023   KASTANIS, DEMETRIOS vs. SOUTH BAY PARNASSA LLC ET AL**          Page 3 of 5
  **Motion No.  001**

consensual, rather than compulsory, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). Kastanis petitioned to confirm the award on September 26, 2023 and, thus, his application was timely made. Kastanis contends that the award was proper in all respects and that no grounds exist for modification or vacatur.

The court agrees with Kastanis, and concludes that he is entitled both to the confirmation of the award, and the entry of a money judgment in the sum of $138,674.00, as awarded by the arbitrator.

Generally, the total award must bear interest from the date of the arbitration award, that is, from August 6, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.*, LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc.*, 143 AD2d 39, 39 [1st Dept 1988]). Here, however, the arbitrator awarded prejudgment interest on the principal amount that she awarded from June 21, 2022. Hence, the court, in confirming the award, will award prejudgment interest on the arbitrator's principal award of $122,724.00 from June 21, 2022, and it will award prejudgment interest on the remaining $15,950.00 of the arbitration award from August 6, 2023 (*see Solow Mgmt. Corp. v Tanger*, 19

654713/2023   KASTANIS, DEMETRIOS vs. SOUTH BAY PARNASSA LLC ET AL
Motion No.  001

Page 4 of 5

4 of 5

AD3d 225, 226 [1st Dept 2005] [interest on award of attorney's fees is the date on which the party seeking those fees has been determined to be the prevailing party]).

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the matter entitled *Matter of Kastanis v South Bay Parnassa, LLC, et ano.,* American Arbitration Association, Case Number 01-22-0005-3649, dated August 6, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the petitioner, Demetrios Kastanis, and against the respondents, South Bay Parnassa, LLC, and South Bay 1050, LLC, jointly and severally, in the principal sum of $138,674.00, with statutory prejudgment interest from June 21, 2022 at 9% per annum on the first $122,724.00 of that sum, and with statutory prejudgment interest from August 6, 2023 at 9% per annum on the remaining $15,950.00 of that sum.

This constitutes the Decision, Order, and Judgment of the court.

| 8/13/2024 | | |
| --- | --- | --- |
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654713/2023   KASTANIS, DEMETRIOS vs. SOUTH BAY PARNASSA LLC ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5