## AKF, Inc. v M & M Gen. Store, LLC

2024 NY Slip Op 33324(U)

September 20, 2024

Supreme Court, New York County

Docket Number: Index No. 656097/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

PART **56M**

-------------------------------------------------------------------------------X

AKF, INC., doing business as FUNDKITE,

Petitioner,

- v -

M & M GENERAL STORE, LLC, doing business as M & M GENERAL STORE, and MOGAMMED ALI MONAWER AL-QWAIDER,

Respondents.

-------------------------------------------------------------------------------X

INDEX NO. 656097/2023

MOTION DATE 07/12/2024

MOTION SEQ. NO. 001

**DECISION, ORDER, AND JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12

were read on this motion to/for           CONFIRM/DISAPPROVE AWARD/REPORT          .

AKF, Inc., doing business as Fundkite (AKF), petitions pursuant to CPLR 7510 to confirm an arbitration award dated November 21, 2023, made by an arbitrator acting under the auspices of the Mediation and Civil Arbitration, Inc. (MCA).  The respondents do not oppose the petition.  The petition is granted, the award is confirmed, and the Clerk of the court is directed to enter a money judgment in favor of AKF and against the respondents, jointly and severally, in the sum of $48,887.69, plus statutory interest from November 21, 2023.

On June 1, 2023, AKF entered into an agreement with the respondent M & M General Store, LLC, doing business as M & M General Store (hereinafter M & M), pursuant to which AKF agreed to purchase $41,322.00 of M & M future receivables for the sum of $29,100.00, less service fees in the sum of $1,931.00, in consideration for M & M's future repayment of that sum plus 10% in annual interest.  The agreement presumed a weekly "delivery" amount of $1,475.79 from M & M's receivables, via an automatic debit from M & M's bank account, with a monthly reconciliation.  The respondent Mogammed Ali Monawer Al-Qwaider guaranteed M & M's obligations under the agreement.  The agreement provided for arbitration of any dispute under

**656097/2023   AKF INC. vs. M & M GENERAL STORE LLC ET AL**
**Motion No.  001**

**Page 1 of 4**

the agreement, including claims that M & M breached the agreement by failing to pay its weekly delivery.

AKF alleged in its petition that, on June 26, 2023, it received a notice from M & M's bank that the scheduled weekly debit of receipts from the designated account was declined because "Payment [was] Stopped." AKF further asserted that, as of the date of M & M's default, M & M had paid only $2,951.58 of the $41,322.00 ultimately due under the agreement, leaving a balance of $38,370.42. AKF alleged that it believed that M & M's principals began "diverting" M & M's receipts into other accounts.

On August 1, 2023, AKF served the respondents with a demand for arbitration of its claim for $47,963.03 against them before MCA, doing business as Rapid Ruling, an arbitral forum with headquarters in New York, New York, and offices located in Manhasset, New York. The respondents failed to respond to the demand or appear at the arbitration hearing. In an award dated November 21, 2023, the arbitrator agreed with AKF's contentions, and awarded AKF the principal sum of $38,370.42, plus liquidated default fees in the sum of $9,592.61, along with attorneys' fees, costs, and expenses in the sum of $924.66, inclusive of fees, costs and expenses that were incurred in "pursuing this [arbitration] proceeding and [an] ancillary court proceeding brought in anticipation of this arbitration," as required by the agreement, for a total award of $48,887.69.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Since the arbitration involved here is consensual, rather than compulsory, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

"(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article,

**656097/2023   AKF INC. vs. M & M GENERAL STORE LLC ET AL**
**Motion No.  001**

Page 2 of 4

[* 2]

unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). AKF petitioned to confirm the award on December 5, 2023 and, thus, its application was timely made. AKF contends that the award was proper in all respects and that no grounds exist for modification or vacatur.

The court agrees with AKF, and concludes that AKF is entitled both to the confirmation of the award, and the entry of a money judgment in the sum of $48,887.69, as awarded by the arbitrator.

The total award must bear interest from the date of the arbitration award, that is, from November 21, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.*, 46 NY2d 553, 558 [1979]; *Dermigny v Harper*, 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc.*, 143 AD2d 39, 39 [1st Dept 1988]).

Accordingly, it is,

ADJUDGED that the petition is granted, and the arbitration award rendered in the matter entitled *Matter of AKF, Inc. v M & M General Store, LLC, etc., et ano.,* Mediation and Civil Arbitration, Inc., Case Number 44965/2023, dated November 21, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the petitioner, AKF, Inc., doing business as Fundkite, and against the respondents, M & M General Store, LLC, doing business as M & M General Store, and Mogammed Ali Monawer Al-Qwaider,

**656097/2023   AKF INC. vs. M & M GENERAL STORE LLC ET AL**
**Motion No.  001**

Page 3 of 4

3 of 4

[* 3]

jointly and severally, in the principal sum of $48,887.69, plus statutory prejudgment interest at the rate of 9% per annum thereon from November 21, 2023.

This constitutes the Decision, Order, and Judgment of the court.

| 9/20/2024 | | |
|---|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656097/2023   AKF INC. vs. M & M GENERAL STORE LLC ET AL**
**Motion No.  001**

**Page 4 of 4**