## Matter of AKF, Inc. v Windows & Beyond Interiors, LLC

2025 NY Slip Op 30447(U)

February 4, 2025

Supreme Court, New York County

Docket Number: Index No. 655532/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                                    PART                    **56M**

*Justice*

-----------------------------------------------------------------------------X

In the Matter of

AKF, INC., doing business as FUNDKITE,

|  |  |
|---|---|
| INDEX NO. | 655532/2023 |
| MOTION DATE | 04/08/2024 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

WINDOWS & BEYOND INTERIORS, LLC, VINCENT
CHARLES GEORGES DESHAYES, BAILEY'S BLINDS,
LLC, and FINE FOOD, INC.,

**DECISION, ORDER, AND
JUDGMENT**

Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

were read on this motion to/for        CONFIRM/DISAPPROVE AWARD/REPORT        .

AKF, Inc., doing business as Fundkite (AKF), petitions pursuant to CPLR 7510 to confirm an arbitration award dated October 10, 2023, made by an arbitrator acting under the auspices of the Mediation and Civil Arbitration, Inc. (MCA).  The respondents do not oppose the petition.  The petition is granted, the award is confirmed, and the Clerk of the court is directed to enter a money judgment in favor of AKF and against all of the respondents, jointly and severally, in the sum of $173,072.88, plus statutory interest on that sum from October 10, 2023, along with the sum of $2,000.00, as and for the petitioner's costs, expenses, and fees in obtaining this judicial approval of the arbitration award.

On January 7, 2023, AKF entered into an agreement with the respondent Windows & Beyond Interior, LLC (hereinafter WBI), pursuant to which AKF agreed to purchase $282,436.00 of WBI's future receivables for the sum of $215,600.00, less service fees in the sum of $8,809.00, in consideration for WBI's future repayment of that sum plus 13% in annual interest. The agreement presumed a weekly "delivery" amount of $7,060.90 from WBI's receivables, via

[* 1]

an automatic debit from WBI's bank account, with a monthly reconciliation. The respondents Vincent Charles Georges Deshayes, Bailey's Blinds, LLC, and Fine Food, Inc., jointly guaranteed WBI's obligations under the agreement. The agreement provided for arbitration of any dispute under the agreement, including any claims that WBI breached the agreement by failing to pay its weekly delivery.

AKF alleged in its petition that, beginning on June 22, 2023, it received notice from its bank that its scheduled weekly debit of receipts from WBI's designated bank account was declined because "payment [was] stopped." AKF further asserted that, as of the date of WBI's default, WBI had paid only paid only $145,757.70 of the $282,436.00 ultimately due under the agreement, leaving a balance of $136,678.30. AKF alleged that, on March 15, 2023, Deshayes, as WBI's principal, opened a new business and began "diverting" WBI's receipts into the account of that new business.

On June 27, 2023, AKF served the respondents with a demand for arbitration of its claim for $169,597.88 against them before MCA, doing business as Rapid Ruling, an arbitral forum with headquarters in New York, New York, and offices located in Manhasset, New York. The claim consisted of the $136,678.30 then allegedly due and owing under the agreement, plus the sum of $33,919.58 as and for a "default fee" permitted under the agreement. The respondents argued to the arbitrator that the purchase agreement actually was a disguised loan that fixed a usurious interest rate, and that the agreement should be vacated on that ground. In an award dated October 10, 2023, the arbitrator agreed with AKF's contentions, and rejected the respondents' contention, concluding that,

> "[t]he Agreement unambiguously establishes an indefinite term, rather than repayment in-full on a date certain, establishing an inference that the Agreement is a purchase of future receivables, rather than a loan, since this clause, coupled with the Agreement's reconciliation provision, establishes that repayment of the funds Claimant tendered under the Agreement could be repaid in a term well beyond the original contemplated repayment date."

655532/2023   AKF INC. vs. WINDOWS & BEYOND INTERIORS LLC ET AL          Page 2 of 5
Motion No.  001

2 of 5

The arbitrator thus awarded AKF the principal sum of $136,678.30, plus liquidated default fees in the sum of $33,919.58, along with actual costs and expenses in the sum of $2,225.00, as required by the agreement, for a total award of $173,072.88. The arbitrator also awarded AKF interest at the rate 9% per annum on this principal sum, from the date of the award, as well as the fees and costs to be incurred in obtaining judicial confirmation of the award.

Pursuant to CPLR 7510, the court "shall confirm an [arbitration] award upon application of a party made within one year after its delivery to him [or her] unless the award is vacated or modified upon a ground specified in section 7511." Since the arbitration involved here was consensual, rather than compulsory, the award may only be vacated if the court finds that the rights of a party were prejudiced by:

> "(i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection"

(CPLR 7511[b][1]). The grounds specified in CPLR 7511 for vacatur of an arbitration award are exclusive (*see Bernstein Family Ltd. Partnership v Sovereign Partners, L.P.*, 66 AD3d 1, 8 [1st Dept 2009]), and it is a "well-established rule that an arbitrator's rulings, unlike a trial court's, are largely unreviewable" (*Matter of Falzone v New York Cent. Mut. Fire Ins. Co.*, 15 NY3d 530, 534 [2013]). AKF moved to confirm the award on November 16, 2023 and, thus, its application was timely made. AKF contends that the award was proper in all respects and that no grounds exist for modification or vacatur.

The record does not support a finding that the existence of a loan can be gleaned from the face of the agreement as a matter of law (*see Kapitus Servicing, Inc. v Point Blank Constr., Inc.,* 221 AD3d 532, 533 [1st Dept 2023]; *Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.,* 105 AD3d 178, 183 [1st Dept 2013]; *see also LG Funding, LLC v United Senior Prop. of Olathe, LLC*, 181 AD3d 664, 665 [2d Dept 2020]). Specifically, the agreement

**655532/2023 AKF INC. vs. WINDOWS & BEYOND INTERIORS LLC ET AL
Motion No. 001**

Page 3 of 5

provided that the term for repayment was indefinite, suggesting that the repayment obligation may have been contingent rather than absolute, in turn, suggesting a sale and purchase of receivables rather than a loan (*see Kapitus Servicing, Inc. v Point Blank Constr., Inc.,* 221 AD3d at 533-534). The court thus concludes that the arbitrator did not render his determination in "manifest disregard of the law" (*Matter of New York State Corr. Officers & Police Benevolent Assn.,* 94 NY2d 321, 326 [1999]). In fact, "even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Matter of New York State Corr. Officers & Police Benevolent Assn.,* 94 NY2d 321, 326 [1999]; *see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist.,* 23 NY3d 251, 263 [2014]).

The court thus agrees with AKF's contentions in connection with the award, and concludes that AKF is entitled both to the confirmation of the award, and the entry of a money judgment in the sum of $173,072.88, which had been awarded by the arbitrator, plus the sum of $2,000.00, which the court finds to be the fees and costs that were incurred in obtaining judicial confirmation of the award, totaling $175,072.88.

Generally, the total award must bear interest from the date of the arbitration award, that is, from October 10, 2023 (*see* CPLR 5002; *Board of Educ. of Cent. School Dist. No. 1 of Towns of Niagara, Wheatfield, Lewiston & Cambria v Niagara-Wheatfield Teachers Assn.,* 46 NY2d 553, 558 [1979]; *Dermigny v Harper,* 127 AD3d 685, 686 [2d Dept 2015]; *Matter of Levin & Glasser, P.C. v Kenmore Prop.,* LLC, 70 AD3d 443, 446 [1st Dept 2010]; *Matter of Gruberg v Cortell Group, Inc.,* 143 AD2d 39, 39 [1st Dept 1988]). Here, the arbitrator, in fact, awarded interest from the date of the award. Prejudgment interest, however, shall not be awarded on this court's award of $2,000.00 for attorney's fees and costs that the petitioner incurred in obtaining judicial confirmation of the award, inasmuch as interest on an award of attorneys' fees is the date on which the party seeking those fees has been determined to be the prevailing party

655532/2023 AKF INC. vs. WINDOWS & BEYOND INTERIORS LLC ET AL
Motion No. 001

Page 4 of 5

4 of 5

(*see Solow Mgmt. Corp. v Tanger*, 19 AD3d 225, 226 [1st Dept 2005]), which the court concludes is the date of entry of this decision, order, and judgment.

Accordingly, it is,

ADJUDGED that the petition is granted, without opposition, and the arbitration award rendered in the matter entitled *Matter of AKF, Inc. v Windows & Beyond Interiors, LLC, et al.,* Mediation and Civil Arbitration, Inc., Case Number 44743/2023, dated October 10, 2023, be, and hereby is, confirmed; and it is further,

ORDERED that the Clerk of the court shall enter a money judgment in favor of the petitioner, AKF, Inc., doing business as Fundkite, and against the respondents, Windows & Beyond Interiors, LLC, Vincent Charles Georges Deshayes, Bailey's Blinds, LLC, and Fine Food, Inc., jointly and severally, in the principal sum of $173,072.88, with statutory prejudgment interest at 9% per annum from October 10, 2023, plus the sum of $2,000.00 as and for the petitioner's costs, expenses, and fees in obtaining judicial confirmation of the award.

This constitutes the Decision, Order, and Judgment of the court.

| | |
|---|---|
| **2/4/2025** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655532/2023   AKF INC. vs. WINDOWS & BEYOND INTERIORS LLC ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]